**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:22-cv-80399-RS**

ULISES FERNANDEZ MIRO,

an individual

      Plaintiff,

JOHN DOE, an individual;

And BINANCE HOLDINGS, LTD. d/b/a Binance,

a foreign company;

      Defendants.

## AFFIDAVIT OF SERVICE UPON BINANCE HOLDINGS LTD.

I, Shanna Solorzano, do hereby make oath and say as follows:

1. I am employed by Broadhurst LLC, Level 4, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, Cayman Islands, and am authorized to serve legal process in the Cayman Islands.

2. On or about Monday, 21 March 2022, Broadhurst LLC was retained by Silver Miller Law located in Coral Springs, Florida, in turn instructed by the Plaintiff, to serve the following documents upon the Defendant Binance Holdings Ltd. ("Binance"):

   - Civil Cover Sheet;
   - Summons, dated 15 March 2022; and

- Complaint, dated 14 March 2022.
(copies of which are attached hereto as Exhibit A)

3. According to the Cayman Islands Corporate Registry for Binance, Binance's registered office is located at International Corporation Services Ltd., 2nd Floor, Harbour Place, North Wing, 103 South Church Street, George Town, Grand Cayman KY1-1106, Cayman Islands. *See* Search Report attached hereto as Exhibit B.

4. On Monday, 28 March 2022 at approximately 9:55am, I went to Binance's registered office at International Corporation Services where I met the receptionist, Ms. Ann-Marie Wight who confirmed she is authorized to accept service on behalf of Binance. I handed to her the above-referenced documents, which she accepted, and she signed Broadhurst LLC's cover letter, attached hereto as Exhibit C, confirming date of receipt.

5. Ms. Wight is Caucasian, aged approximately 30 - 40 years, 5'7" tall, slim build, with short straight blonde hair and wears glasses.

6. Service has been effected upon Binance Holdings Ltd. in compliance with the laws of the Cayman Islands and thus in compliance with Article 10(b) of the Hague Service Convention.

I declare under penalty of perjury under the laws of Cayman Islands and the United States that the above statements are true and accurate to the best of my knowledge and belief.

_29 March 2022_
Date

_Shanna Solorzano, Process Server_

Sworn to before me at George Town, Grand Cayman, Cayman Islands, this __29__ day of March 2022.

_____
Signature of Cayman Islands Notary/Commissioner of Oaths

[Seal]

# EXHIBIT A

# COPIES OF DOCUMENTS SERVED

JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ULISES FERNANDEZ MIRO, an individual | JOHN DOE, an individual; and BINANCE HOL |

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Unknown
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

David C. Silver, Esq., Silver Miller, 4450 NW 126th Ave. - Ste 101, Cc

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☑ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☐ NO

JUDGE:              DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332; Count I: Conversion; Count II: Aiding and Abetting Conversion

LENGTH OF TRIAL via  3  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $  488,000.00+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE  March 14, 2022

SIGNATURE OF ATTORNEY OF RECORD  *David S*

**FOR OFFICE USE ONLY : RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| ULISES FERNANDEZ MIRO, an individual | ) ) ) ) ) |
| _____ *Plaintiff(s)* | |
| v. | 22-cv-80399-SMITH/MAYNARD |
| JOHN DOE, an individual; and BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company | ) ) ) ) ) |
| _____ *Defendant(s)* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BINANCE HOLDINGS, LTD.
International Corporation Services Ltd.
2nd Floor - Harbour Place - North Wing
103 South Church Street
George Town, Grand Cayman KY1-1106
Cayman Islands

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   David C. Silver, Esq.
Jason S. Miller, Esq.
Silver Miller
4450 NW 126th Ave. - Suite 101
Coral Springs, FL 33065
E-mail: DSilver@SilverMillerLaw.com; JMiller@SilverMillerLaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



**SUMMONS**

Date: ___Mar 15, 2022___

*s/ Bonnie Bernard*
_____
Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Civil Action No. _____

ULISES FERNANDEZ MIRO, an individual,

      Plaintiff,

v.

JOHN DOE, an individual;
and BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company;

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff ULISES FERNANDEZ MIRO, an individual (hereafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendants JOHN DOE, an individual; and BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company ("BINANCE"); for damages. As grounds therefor, Plaintiff alleges the following:

## PRELIMINARY STATEMENT

1.      This action arises from a fraudulent scheme that sought to, and ultimately did, steal Four Hundred Eighty-Eight Thousand Dollars ($488,000.00) worth of cryptocurrency from Plaintiff.

2.      JOHN DOE played a material role in the scheme to steal Plaintiff's assets and currently possesses -- in an account maintained at cryptocurrency exchange BINANCE -- Plaintiff's stolen property.

3.      Plaintiff brings this lawsuit to recover his stolen assets.

## PARTIES, JURISDICTION AND VENUE

### THE PARTIES

#### Plaintiff

4.     Plaintiff ULISES FERNANDEZ MIRO is an individual domiciled in Palm Beach Gardens, Florida, is a citizen of the state of Florida, and is *sui juris*.

#### Defendants

5.     Defendant JOHN DOE is an individual and, upon information and belief, is *sui juris*.

6.     Defendant BINANCE is a foreign company which, upon information and belief, is registered and headquartered with its principal place of business in the Cayman Islands, though it professes to not have a principal executive office.[1] BINANCE is a digital currency wallet and money transmitter services platform where merchants and consumers exchange digital currencies like bitcoin and Ether.

7.     BINANCE refers to itself as an "ecosystem" comprising several interrelated components. The company's Terms of Service define BINANCE as follows:

> **Binance** refers to an ecosystem comprising Binance websites (whose domain names include but are not limited to https://www.binance.com), mobile applications, clients, applets and other applications that are developed to offer Binance Services, and includes independently-operated platforms, websites and clients within the ecosystem (*e.g.*, Binance's Open Platform, Binance Launchpad, Binance Labs, Binance Charity, Binance DEX, Binance X, JEX, Trust Wallet, and fiat gateways).

Among the platforms/websites within the BINANCE ecosystem is Binance.US, which serves customers in the United States, including in this jurisdiction. Collectively, all of these components of the "ecosystem" constitute BINANCE.

---

[1] Paddy Baker, *Binance Doesn't Have a Headquarters Because Bitcoin Doesn't, Says CEO*, COINDESK (May 8, 2020), https://www.coindesk.com/binance-doesnt-have-a-headquarters-because-bitcoin-doesnt-says-ceo.

8.      Additionally, numerous public reports have identified BINANCE as perhaps the largest vehicle in the world through which cryptocurrency assets are laundered by U.S. residents, *to wit*:

> Binance Holdings Ltd. is under investigation by the [United States] Justice Department and Internal Revenue Service, ensnaring the world's biggest cryptocurrency exchange in U.S. efforts to root out illicit activity that's thrived in the red-hot but mostly unregulated market.
>
> *            *            *
>
> The firm, like the industry it operates in, has succeeded largely outside the scope of government oversight. Binance is incorporated in the Cayman Islands and has an office in Singapore but says it lacks a single corporate headquarters. Chainalysis Inc., a blockchain forensics firm whose clients include U.S. federal agencies, concluded last year that among transactions that it examined, more funds tied to criminal activity flowed through Binance than any other crypto exchange.[2]

9.      Furthermore, BINANCE publicly announced in January 2022 that it was teaming up with the National Cyber-Forensics and Training Alliance (NCFTA) -- an American non-profit entity with offices in spanning across the United States -- to "fight against cybercrime, ransomware, and terrorism financing."[3]  According to Tigran Gambaryan, Vice President of Global Intelligence and Investigations at BINANCE:

> Joining the NCFTA is an important step in our joint fight against cybercrime, securing the cryptocurrency ecosystem for the entire community.  Binance aims to be the leading contributor in the fight against cybercrime, ransomware, and terrorism financing.  We will continue our fight against cybercrime and increase our level of cooperation and transparency through our partnership with the NCFTA.[4]

---

[2] "Binance Faces Probe by U.S. Money-Laundering and Tax Sleuths," *Bloomberg*, May 13, 2021, https://www.bloomberg.com/news/articles/2021-05-13/binance-probed-by-u-s-as-money-laundering-tax-sleuths-bore-in.

[3] "NCFTA onboards crypto exchange Binance to fight against cybercrime," *CoinTelegraph*, Jan. 18, 2022, https://cointelegraph.com/news/ncfta-onboards-crypto-exchange-binance-to-fight-against-cybercrime

[4] "Binance Becomes the Blockchain and Cryptocurrency Industry's First to Join the National Cyber-Forensics and Training Alliance (NCFTA)", *PR Newswire*, January 18, 2022, https://www.prnewswire.com/news-releases/binance-becomes-the-blockchain-and-cryptocurrency-industrys-first-to-join-the--national-cyber-forensics-and-training-alliance-ncfta-301462332.html.

The press release related to this announcement even states: "To date, Binance has cooperated with hundreds of criminal investigations, which have led to high-profile arrests, including a cybercriminal group laundering $500M in ransomware proceeds."[5]  "Cooperation" only takes place voluntarily, which BINANCE clearly has done in "hundreds of criminal investigations" and through its "partnership" with the American-based NCFTA and its activities throughout the United States, including -- upon information and belief -- within this jurisdiction.

10.     At all times material hereto, JOHN DOE has maintained -- and continues to maintain as of the date of this filing -- an account at BINANCE in which JOHN DOE holds the cryptocurrency stolen from Plaintiff.

### Other Liable Persons/Entities

11.     In addition to Defendants, there are likely other parties who may be liable to Plaintiff, but about whom Plaintiff currently lacks specific facts to permit him to name these persons or entities as party defendants.  By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

### JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

13.     This Court has personal jurisdiction over Defendants because they: (a) operate, conduct, engage in and/or do business within this jurisdiction; (b) committed a tort in this jurisdiction; and/or (c) reside in this jurisdiction.

---

[5] *Id.*

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## Specific Jurisdiction

14. This suit arises out of or relates to Defendants' contacts with this forum.

15. Plaintiff is a resident of Florida, and he suffered harm in part because BINANCE's unreasonably lax AML and KYC procedures encouraged hackers by providing them a marketplace where they could easily launder stolen digital assets.

16. Plaintiff's claims also involve harm suffered in Florida, as his cryptocurrency assets were stolen and laundered through computer servers in Florida.

17. Plaintiff's claims also arise out of or relate to forum-related activities. For example, Plaintiff's conversion claim arises out of or relates to JOHN DOE stealing, and BINANCE taking possession of, Plaintiff's stolen cryptocurrency when it was transferred from Plaintiff's possession in Florida to the BINANCE exchange.

18. Exercising jurisdiction over Defendants in this forum is reasonable and comports with fair play and substantial justice.

## General Jurisdiction over Binance

19. This Court may assert general jurisdiction over a corporation if the corporation is incorporated in Florida, if the corporation has its principal place of business in Florida, or if the corporation's affiliations with Florida are so "continuous and systematic" as to render it essentially at home here.

20. As noted above, BINANCE voluntarily works with American law enforcement agencies to "fight against cybercrime, ransomware, and terrorism financing." Upon information and belief, those law enforcement agencies include some in Florida.

21. Moreover, BINANCE uses various third-party companies, including companies located within this judicial district, to enable what BINANCE calls its "ecosystem" to function.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

22.     BINANCE makes clear in the "Binance Terms of Use" that its users must agree to that it considers its fiat gateways, including Binance.US, to be part of the "ecosystem" that defines "Binance." After expressly defining "Binance" to include "fiat gateways" the Terms of Use also explain that the fiat gateways are part of the services BINANCE provides:

> **Binance Services** refer to various services provided to you by Binance that are based on Internet and/or blockchain technologies and offered via Binance websites, mobile applications, clients and other forms (including new ones enabled by future technological development). Binance Services include but are not limited to such Binance ecosystem components as Digital Asset Trading Platforms, the financing sector, Binance Labs, Binance Academy, Binance Charity, Binance Info, Binance Launchpad, Binance Research, Binance Chain, Binance X, Binance Fiat Gateway, existing services offered by Trust Wallet and novel services to be provided by Binance.

In short, BINANCE's Terms of Use inform consumers that a "Binance Fiat Gateway" -- one of which is San Francisco-based BAM d/b/a Binance.US -- is a service provided by BINANCE.

23.     Furthermore, in February 2022, BINANCE launched several celebrity-fueled advertisements during the Super Bowl to solicit accountholders in the United States, including in this jurisdiction.

24.     According to a BINANCE press release:

> The global campaign – featuring global superstar and entrepreneur J Balvin, all-star basketball forward Jimmy Butler and mixed martial arts fighter Valentina Shevchenko – focuses on encouraging consumers to do the research and learn crypto themselves, so they can be empowered and accountable for their own financial freedom and success.
>
> On February 13, the day of the Big Game, for every commercial aired during the game with a celebrity "talking crypto", viewers are encouraged to sound Binance's #CryptoCelebAlert at CryptoCelebAlert.com to claim one of 2,222 POAP NFTs featuring Jimmy Butler. More importantly, they can access an easy-to-read crypto primer to better understand the basics of crypto.[6]

---

[6]     https://www.binance.com/en/blog/community/binance-unites-j-balvin-jimmy-butler-and-valentina-shevchenko-to-take-on-big-game-crypto-ads-invites-fans-to-sound-the-cryptocelebalert-and-trust-themselves-to-learn-crypto-421499824684903392.

SILVER MILLER
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

25.     Jimmy Butler, one of the featured celebrities promoting BINANCE, has played for the past several seasons for the National Basketball Association's Miami Heat, where he has over 6,500,000 followers on Instagram, more than 2,500,000 followers on Facebook, and more than 800,000 followers on Twitter.

26.     As Mr. Butler himself espouses in the video on CryptoCelebAlert.com: "*BINANCE and I, we're here to tell you: Trust yourself, and do your own research.*"



Mr. Butler -- a Miami-based celebrity with a legion of fans across South Florida and elsewhere -- is clearly promoting BINANCE's business interests in this jurisdiction to his many followers.

27.     Technology has opened up new avenues for solicitation.  A new means of solicitation, though, is not any less of a solicitation.

28.     In addition, many other cryptocurrency owners in the United States use BINANCE's services -- even where those services are not permitted by law and where BINANCE publicly claims it does not provide its services.

29.     While BINANCE publicly claims it does not permit United States-based customers to use its services -- something it purports to monitor by tracking the geo-location of the IP Address used by the customer to login to BINANCE -- that supposed barrier is easily overcome through methods of which BINANCE is well-aware and which BINANCE tacitly permits.

30.     To evade geo-location tracking monitors, a customer need only use a Virtual Private Network (VPN) that spoofs the user's actual location.  Instead of marking his/her IP Address with a location in the United States, the BINANCE user employs a VPN so that BINANCE's records will reflect that the user is logging in from a non-U.S. territory that is supported by BINANCE.

31.     One such VPN is PureVPN, which describes the simple process thusly:



32.     As PureVPN explains, as long as the location the user choose through his/her VPN is a non-U.S. country supported by BINANCE, the user's log-in to BINANCE will proceed unfettered:



33. BINANCE is readily aware that U.S.-based users -- including those based within this jurisdiction -- utilize VPN services to access BINANCE; and BINANCE does not prevent such use.

34. To the extent BINANCE claims it has no or few users in this jurisdiction, that claim is belied by the number of BINANCE accountholders in this jurisdiction who take simple steps (well known to BINANCE) to evade BINANCE's lax barriers to entry.

35. A July 2021 report by Inca Digital (a data firm whose technology is used by the U.S. Commodity Future Trading Commission for investigations and market surveillance) highlighted this fact by noting that hundreds of Americans use VPNs to trade cryptocurrency on BINANCE in a manner that is "an open secret in the industry."

36. Upon information and belief, even document production from BINANCE would not definitively demonstrate that U.S.-based users do not use VPNs to access BINANCE's platforms, as

it is not believed that BINANCE tracks such things; and IP Address records for BINANCE users are often tainted with spoofed IP Addresses through this simple method of entry.

37. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in this jurisdiction and the causes of action accrued in this jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

38. At times material hereto, Plaintiff maintained an account at U.S.-based cryptocurrency exchange Payward, Inc. d/b/a Kraken ("Kraken").

39. At times material hereto, Plaintiff maintained in his Kraken account a cryptocurrency investment portfolio that included Ether (ETH).

40. On or about November 9, 2021, an unknown and unauthorized JOHN DOE infiltrated Plaintiff's Kraken account.

41. As a direct result of the foregoing, JOHN DOE -- on November 9, 2021 -- stole from Plaintiff 105.3267172 ETH that had been stored in Plaintiff's Kraken account.

42. Undersigned counsel engaged international cryptographic tracing and investigative firm Coinfirm to trace the ETH transferred and withdrawn without authorization from Plaintiff's Kraken account.

43. As concluded by Coinfirm, the 105.3267172 ETH transferred from Plaintiff's Kraken account were transferred in a series of transactions to a collection of deposit addresses at BINANCE (the "BINANCE Addresses") believed to be owned, controlled, and maintained by JOHN DOE, *to wit*:

| Owner (Address To) | Address To | Transaction Hash | Transfer Date (UTC) | Funds under claim (average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|---|---|---|
| Binance | 622f12f2042a14d8edfe497e561fb06ec004041d | 4d31c55570c760057f6d4d2a3e07b5ce6cd9478bc072e418e8f211d593f19d07 | 2021-11-10 15:15:17 | 3.00000000 ETH |
| Binance | 622f12f2042a14d8edfe497e561fb06ec004041d | 5fec5a6af929ec972910c1b569a9d012b46f000bff5d5c7e5c47bb07a5c8b075 | 2021-11-10 15:33:50 | 2.00000000 ETH |
| Binance | 858a6c78e580ffe717708d6e5c6bf99ac48d9119 | 0a265c5ac530b171120808d22fa60539ea6494a98d8d7f4ecce537753b7638db7 | 2021-11-10 15:00:43 | 1.00000000 ETH |
| Binance | 895806b5f3ea6e9e5424facdc1384b658f34b76a | a9d25b002254d3d814f1023a7479a530d6131a1a59d5a5914402d2a2f14e5ef8 | 2021-11-10 16:03:18 | 2.00000000 ETH |
| Binance | 89f62cfca6e557e378b8c04c0640298db0a5a0d4 | 952553671c0a82dadc6d8d20f418ac9bbf6786b2d13935246bf89fdb0e9f6865 | 2021-11-10 16:31:23 | 2.00000000 ETH |
| Binance | 89f62cfca6e557e378b8c04c0640298db0a5a0d4 | 5c9cd5b97641c15fd6aadc5ba8463f54ae477a658d09599ca9e7acecfba0808b | 2021-11-10 18:29:27 | 2.00000000 ETH |
| Binance | a3f033550f285d7a830c38059001e02b73dc9114 | bee8397d5bbcebfedf83a02226c10ec8defabf4c456a210d84a2fac4003137cc | 2021-11-10 12:05:04 | 4.00000000 ETH |
| Binance | a3f033550f285d7a830c38059001e02b73dc9114 | 0b3f7649774cd493ecc265c41c3ff4102889c0fb7f1580e2d75f8b53fc4058ca | 2021-11-11 19:23:36 | 5.00000000 ETH |
| Binance | a3f033550f285d7a830c38059001e02b73dc9114 | de8cbcf69f0ec3205ce5a6f82b41f2145033e7d851b1249c3e0a6b116a2539fa | 2021-11-12 18:13:22 | 4.00000000 ETH |
| | | | **TOTAL** | **25 ETH** |

44.     In addition to the foregoing addresses at BINANCE to which Plaintiff's stolen assets were sent, Coinfirm has traced Plaintiff's stolen assets to the following addresses (the "JOHN DOE Secondary Addresses") as well:

| Destination Address | Funds under claim<br>(average confirmed with five tracing methodologies; stated in cryptocurrency unit) |
|---|---|
| 02fadfc01cbf2a2062a80b7412e84b65ffe1cf07 | 54.30447457 ETH |
| 685463bc1b52f23313d30ef706f58c4a7be40d57 | 15.00000000 ETH |
| 685463bc1b52f23313d30ef706f58c4a7be40d57 | 8.00035963 ETH |
| 079dbd798a04310dd3a4c7d8886c26e5832e6d39 | 5.99972524 ETH |
| 4721f2f31bb5baa827d7bb62b598ea1221dfb996 | 1.00000000 ETH |
| 3841221017f8b9a662843674408d2786270b2208 | 0.01407463 ETH |
| **TOTAL** | **84.31863407 ETH** |

45.     On January 7, 2022, undersigned counsel provided written notice to BINANCE advising BINANCE of the theft and requesting that, if the stolen assets were still located in the account(s) tied to the BINANCE Addresses, BINANCE freeze the account(s) controlling those addresses so the assets could not be withdrawn from those addresses.

46.     Upon information and belief, the assets at issue are still housed at BINANCE.

47.     As of the date of this filing, the 25 ETH located at BINANCE are valued at approximately Sixty-Five Thousand Dollars ($65,000.00).

48.     Despite being one of the world's largest cryptocurrency exchanges, BINANCE's "Know Your Customer" and Anti-Money Laundering protocols (KYC/AML) are shockingly lax and do not measure up to industry standards.  Thieves are able to launder stolen cryptocurrency through BINANCE because BINANCE has failed to implement security measures that are standard throughout the industry.

49.     During the times relevant to this action, and continuing to date, BINANCE has facilitated money laundering by allowing deposits and withdrawals of up to two (2) bitcoin per day though the Binance.com exchange without any form of identification verification.  To launder stolen bitcoin, a person creates an account by accessing the BINANCE website.  To trade or withdraw up

to two (2) bitcoin per day, the user does not need to provide even the most basic identifying information, such as name, date of birth, address, or other identifiers. All BINANCE requires is a password and an email address. Unlike legitimate virtual currency exchanges, BINANCE does not require these users to validate their identity information by providing official identification documents, given that BINANCE does not require an identity at all. Accounts are therefore easily opened anonymously, including by users in the United States within Florida.

50.     BINANCE's practice enabled, and still enables, skillful cryptocurrency hackers and thieves to steal cryptocurrency and launder it by breaking the cryptocurrency into amounts of two (2) bitcoin or less, depositing it, converting the illegally-obtained asset, and withdrawing it -- all without providing identification.

51.     As noted above, BINANCE had actual knowledge that cryptocurrency stolen from Plaintiff had been transferred to addresses and accounts on BINANCE's exchange. BINANCE had the ability to freeze those accounts and stop transactions on its exchange involving the stolen cryptocurrency and return the funds to Plaintiff. BINANCE could have done so before some or all of the stolen cryptocurrency left the BINANCE exchange; however, BINANCE provided no response to Plaintiff's plea for assistance and an appropriate remedy. To the extent Plaintiff's stolen assets are no longer at BINANCE, BINANCE either intentionally or negligently failed to interrupt the money laundering process when it could have done so.

52.     Since its founding, BINANCE has grown at an enormous rate. In October 2019, a cryptocurrency industry publication reported BINANCE had crossed the $1 billion profit threshold.

53.     BINANCE's profits are derived in part from the fees BINANCE receives for transactions on the BINANCE exchange, including trades in which stolen bitcoin is exchanged for other cryptocurrency or fiat, and in part from the frequency and volume of trading that helps enhance and maintain the liquidity that is essential to an efficient and profitable exchange. In other words,

BINANCE has a strong monetary incentive to encourage, facilitate, and allow as many transactions on its exchange as possible -- including transactions involving stolen cryptocurrency.

54.     As a direct and proximate result of BINANCE's policies and failures, Plaintiff -- and upon information and belief, additional residents of this judicial district -- suffered financial harm when his/their bitcoin was stolen and laundered through BINANCE.

55.     As a result of the actions described above, Plaintiff has suffered damages in an amount that will be proven at trial.

56.     Plaintiff duly performed all of his duties and obligations; and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or have been excused or waived.

57.     To enforce his rights, Plaintiff has retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services.

### COUNT I – CONVERSION
### [AGAINST JOHN DOE]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 57 above, and further alleges:

58.     On November 9, 2021, at the time of the theft, Plaintiff owned and had the right to immediately possess the 105.3267172 ETH -- not just a mere right to payment for the value of those bitcoin -- that was taken from him and transferred to, *inter alia*, the account tied to the BINANCE Addresses and the JOHN DOE Secondary Addresses.

59.     When the stolen bitcoin was deposited by a thief/thieves into the BINANCE Addresses and the JOHN DOE Secondary Addresses, JOHN DOE intentionally took possession of and assumed control over the 105.3267172 ETH.

60.     JOHN DOE has intentionally exercised control, and continues to exercise control, over the bitcoin in such a way as to exclude Plaintiff from using or possessing the 105.3267172 ETH.

61.     JOHN DOE knew the property he received was stolen or obtained in a manner constituting theft.

62. As such, JOHN DOE wrongfully converted the 105.3267172 ETH.

63. JOHN DOE -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience JOHN DOE should not be permitted to hold.

64. The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of JOHN DOE's account(s) at BINANCE and elsewhere.

65. As a direct and proximate result of the foregoing, Plaintiff suffered the wrongful conversion of personal property whose value exceeds Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff ULISES FERNANDEZ MIRO demands entry of a judgment against Defendant JOHN DOE, an individual; for damages, including compensatory damages, interest, expenses, and any other relief the Court deems just and proper, including imposition of a constructive trust upon the property taken from Plaintiff that is held by JOHN DOE in an account(s) at BINANCE and elsewhere.

## COUNT II – AIDING AND ABETTING CONVERSION
### [AGAINST BINANCE]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 57 above, and further alleges:

66. As noted above, JOHN DOE -- through actual fraud, misappropriation, conversion, theft, or other questionable tortious violations -- obtained Plaintiff's cryptocurrency, which in equity and good conscience JOHN DOE should not be permitted to hold.

67. BINANCE has actual knowledge that cryptocurrency stolen from Plaintiff had been transferred to addresses and accounts on BINANCE's exchange by or to JOHN DOE.

68. Notwithstanding the actual knowledge of the theft of Plaintiff's cryptocurrency and the custody of those stolen assets in JOHN DOE's account at BINANCE, BINANCE did not halt the further movement of those stolen funds; which allowed JOHN DOE to abscond with, and convert to his own benefit, Plaintiff's property.

**SILVER MILLER**
4450 NW 126th Avenue · Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

69.     BINANCE has rendered substantial assistance to JOHN DOE in his commission of the fraud, misappropriation, conversion, theft, or other questionable tortious activity through which JOHN DOE obtained Plaintiff's cryptocurrency.

70.     In addition, BINANCE rendered substantial assistance to JOHN DOE by ignoring its own internal policies and procedures and by knowingly maintaining inadequate KYC/AML policies which enable skillful cryptocurrency hackers and thieves such as JOHN DOE to steal cryptocurrency and launder it through the BINANCE ecosystem without providing identification.

WHEREFORE, Plaintiff ULISES FERNANDEZ MIRO demands entry of a judgment against Defendant BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; for damages, including compensatory damages, interest, expenses, and any other relief the Court deems just and proper, including imposition of a constructive trust upon the property taken from Plaintiff that is held by JOHN DOE in an account(s) at BINANCE.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

**SILVER MILLER**
4450 NW 126th Avenue - Suite 101 · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

Respectfully submitted,

**SILVER MILLER**

By: _ /s/ David C. Silver_
DAVID C. SILVER
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER
E-mail: JMiller@SilverMillerLaw.com
4450 NW 126th Avenue - Suite 101
Coral Springs, Florida 33065
Telephone: (954) 516-6000

*Counsel for Plaintiff Ulises Fernandez Miro*

Dated: March __14__, 2022

# EXHIBIT B

# CAYMAN ISLANDS CORPORATE REGISTRY

# SEARCH REPORT FOR

# BINANCE HOLDINGS LTD.



**CAYMAN ISLANDS**

# Search Report

| | |
|---|---|
| **Entity Name :** | Binance Holdings Limited |
| **Jurisdiction :** | Cayman Islands |
| **Registration Number :** | 326889 |
| **Registration Date :** | 12 September 2017 |
| **Entity Type :** | EXEMPT |
| **Registered Office :** | INTERNATIONAL CORPORATION SERVICES LTD<br>P. O. Box 472<br>Harbour Place, 2nd Floor, North Wing,<br>103 South Church Street,<br>George Town<br>GRAND CAYMAN    KY1-1106<br>CAYMAN ISLANDS |
| **Status :** | ACTIVE |

- INFORMATION REGARDING THE CORPORATE RECORDS AND REGISTERS ARE
  NOT AVAILABLE FOR PUBLIC INSPECTION

- THIS REPORT DOES NOT CONFIRM THE ENTITY IS IN GOOD STANDING

Authorisation Code : 836759645556
www.verify.gov.ky
21 March 2022

# EXHIBIT C

# BROADHURST LLC'S COVER LETTER

# SIGNED BY Ann-Marie Wight




28 March 2022

**BY HAND**

**Binance Holdings Ltd.**
c/o International Corporation Services Ltd
Harbour Place, 2nd Floor, North Wing
103 South Church Street
George Town
Grand Cayman
Cayman Islands

Dear Sirs,

**RE:    Ulises Fernandez Miro v John Doe & Binance Holdings Ltd.**

We have been instructed with respect to the service of the following documents upon Binance
Holdings Ltd. and as such please find enclosed by way of service the following documents:

1. Civil Cover Sheet;
2. Summons, dated 15 March 2022; and
3. Complaint for Damages, dated 18 March 2022.

We would be grateful if you would confirm personal receipt of these documents by executing this
letter appended hereto.

Sincerely,

**BROADHURST LLC**

encl.

RECEIVED
9.55AM
MAR 28 2022
TRAVERS THORP ALBERGA
ATTORNEYS-AT-LAW