## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ULISES FERNANDEZ MIRO, an individual, | Case No. 22 Civ. 80399 (RS) |
| Plaintiff, | Hon. Rodney Smith |
| - v. - | |
| JOHN DOE, an individual; and BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; | |
| Defendants. | |

## DEFENDANT BINANCE HOLDINGS LTD'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................2

ARGUMENT ....................................................................................................................3

    I.   This Court Lacks Personal Jurisdiction Over Binance ......................................................3

        A.   Binance is Not Subject to General Jurisdiction in Florida ......................................4

        B.   This Court Lacks Specific Jurisdiction Over Binance ..........................................10

            1.   Alleged Harm to Plaintiff Does Not Create Jurisdiction Over Binance ........10

            2.   Plaintiff's Harm Does Not "Arise From" Any Binance Business Activity in Florida................................................................................................11

        C.   The Exercise of Jurisdiction Would Not Comport with Due Process ...................13

    II.   Alternatively, the Complaint Should be Dismissed Against Binance For Failure to Plead a Cognizable Claim. ........................................................................................13

CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(a)(3)............................17

CONCLUSION................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## **Cases**

*Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.*,
  511 So.2d 992 (Fla. 1987) .................................................................................... 11

*Anderson v. Wilco Life Ins. Co.*,
  17 F.4th 1339 (11th Cir. 2021) ............................................................................ 13

*Aronson v. Celebrity Cruises, Inc.*,
  30 F. Supp. 3d 1379 (S.D. Fla. 2014) .................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 13

*BCJJ, LLC v. LeFevre*,
  2012 WL 3071404 (M.D. Fla. July 27, 2012) ................................................15, 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 14

*Carmouche v. Carnival Corp.*,
  36 F. Supp. 3d 1335 (S.D. Fla. 2014) ..............................................................12, 13

*Carmouche v. Tamborlee Mgmt., Inc.*,
  789 F.3d 1201 (11th Cir. 2015) ......................................................................4, 5, 9

*Castillo v. Allegro Resort Mktg.*,
  603 F. App'x 913 (11th Cir. 2015) ......................................................................... 9

*Chang v. JPMorgan Chase Bank, N.A.*,
  845 F.3d 1087 (11th Cir. 2017) ......................................................................15, 16

*Consol. Dev. Corp. v. Sherritt, Inc.*,
  216 F.3d 1286 (11th Cir. 2000) ......................................................................3, 4, 8

*Courboin v. Scott*,
  596 F. App'x 729 (11th Cir. 2014) ....................................................................7, 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .........................................................................................4, 5, 8

*EcoMed, LLC v. Asahi Kasei Med. Co.*,
  2018 WL 6620313 (S.D. Fla. Oct. 31, 2018) ........................................................ 7

*Estate of Fraser v. Smith*,
    2007 WL 5007084 (S.D. Fla. Nov. 13, 2007) ............................................................... 8

*Fraser v. Smith*,
    594 F.3d 842 (11th Cir. 2010) ..................................................................................... 4

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
    218 F.3d 1247 (11th Cir. 2000) ................................................................................. 11

*Giuliani v. NCL (Bahamas) Ltd.*,
    2021 WL 4099502 (S.D. Fla. Sept. 8, 2021) .............................................................. 13

*Gomes v. Portfolio Recovery Assocs., LLC*,
    2018 WL 4179059 (S.D. Fla. Aug. 22, 2018) ............................................................... 6

*Groom v. Bank of Am.*,
    2012 WL 50250 (M.D. Fla. Jan. 9, 2012) ............................................................14, 16

*Guarini v. Doe, et al.*,
    No. 21-cv-81890 (S.D. Fla. Apr. 5, 2022) ........................................................1, 5, 6, 10, 12

*Heissenberg v. Doe*,
    2021 WL 2621100 (S.D. Fla. June 24, 2021) ............................................................... 5

*Hines v. FiServ, Inc.*,
    2010 WL 1249838 (M.D. Fla. Mar.25, 2010) ............................................................. 16

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*,
    421 F.3d 1162 (11th Cir. 2005) ................................................................................. 12

*In re Palm Beach Fin. Partners, L.P.*,
    517 B.R. 310 (Bankr. S.D. Fla. 2013) ........................................................................ 16

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ......................................................................... 4

*Johnston v. Frank E. Basil, Inc.*,
    802 F.2d 418 (11th Cir .1986) ..................................................................................... 8

*Kennedy v. Heidi Motel Inc.*,
    2019 WL 11553695 (S.D. Fla. June 20, 2019) ..........................................................7, 8

*Keston v. FirstCollect, Inc.*,
    523 F. Supp. 2d 1348 (S.D. Fla. 2007) ......................................................................... 4

*Lawrence v. Bank of Am., N.A.*,
    455 F. App'x 904 (11th Cir. 2012) ............................................................................ 14

*Lee v. Binance*,
　No. 20-cv-02803 (S.D.N.Y. Mar. 31, 2022) ...................................................................2, 7

*Lesti v. Wells Fargo Bank, N.A.*,
　960 F. Supp. 2d 1311 (M.D. Fla. 2013) ............................................................................ 15

*Lewis v. Mercedes-Benz USA, LLC*,
　530 F. Supp. 3d 1183 (S.D. Fla. 2021) ............................................................................ 11

*Madara v. Hall*,
　916 F.2d 1510 (11th Cir. 1990) .....................................................................................4, 7

*Man-D-Tec, Inc. v. Nylube Prod. Co.*, LLC,
　2012 WL 1831521 (D. Ariz. May 18, 2012) ...................................................................... 7

*MeterLogic, Inc. v. Copier Sols., Inc.*,
　126 F. Supp. 2d 1346 (S.D. Fla. 2000) .............................................................................. 6

*Moreno v. Carnival Corp.*,
　488 F. Supp. 3d 1233 (S.D. Fla. 2020) .................................................................10, 12, 13

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
　558 F.3d 1210 (11th Cir. 2009) ...................................................................................... 13

*Perkins v. Benguet Consol. Min. Co.*,
　342 U.S. 437 (1952)........................................................................................................... 9

*Platinum Ests., Inc. v. TD Bank, N.A.*,
　2012 WL 760791 (S.D. Fla. Mar. 8, 2012) ...................................................................... 14

*Proeduca Altus, S.A. v. Tech. Trade Grp., Inc.*,
　2021 WL 5632397 (S.D. Fla. Dec. 1, 2021) ..................................................................... 14

*Reynolds v. Binance Holdings Ltd.*,
　481 F. Supp. 3d 997 (N.D. Cal. 2020) .........................................................................1, 5, 6

*Richter v. Wells Fargo Bank NA*,
　2015 WL 163086 (M.D. Fla. Jan. 13, 2015) .................................................................15, 16

*Robinson v. Giarmarco & Bill, P.C.*,
　74 F.3d 253 (11th Cir. 1996) ............................................................................................ 4

*Snow v. DirecTV, Inc.*,
　450 F.3d 1314 (11th Cir. 2006) ........................................................................................ 9

*United Techs. Corp. v. Mazer*,
　556 F.3d 1260 (11th Cir. 2009) .....................................................................................3, 4

*Universal Express, Inc. v. U.S. S.E.C.*,
  177 F. App'x 52 (11th Cir. 2006) .......................................................................... 6

*Virgin Health Corp. v. Virgin Enters. Ltd.*,
  393 F. App'x 623 (11th Cir. 2010) ....................................................................... 3, 4

*Waite v. All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2015) ............................................................................ 5, 8

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................. 10

*Wiand v. Wells Fargo Bank, N.A.*,
  938 F. Supp. 2d 1238 (M.D. Fla. 2013) ............................................................. 14, 15

*Wolf v. Celebrity Cruises, Inc.*,
  683 Fed. App'x 786 (11th Cir. 2017) ..................................................................... 5

*ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*,
  917 So.2d 368 (Fla. 5th DCA 2005) ..................................................................... 14

## **Statutes**

Fla. Stat. § 48.193(1) ................................................................................ 10, 11, 12, 13

Fla. Stat. § 48.193(2) ............................................................................................ 5

## **Rules**

Federal Rule of Civil Procedure 12(b)(2) .................................................................. 2

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 2, 13

## INTRODUCTION

Plaintiff is the alleged victim of a financial scam, in which an unidentified bad actor stole 105.3267172 Ether (ETH) from Plaintiff's account at Payward, Inc, d/b/a Kraken ("Kraken"), a U.S.-based cryptocurrency exchange. None of these events have anything to do with defendant Binance Holdings, Ltd. ("Binance"), a foreign cryptocurrency exchange with no headquarters or offices in the United States. The only substantive allegation about Binance in the Complaint is that a small portion of the stolen ETH was allegedly transferred to or through account addresses at Binance at some point after leaving Plaintiff's Kraken account. Based on nothing more than speculation and conclusory assertions, Plaintiff has sued Binance for aiding and abetting conversion.

As a threshold matter, the claim against Binance should be dismissed because Plaintiff has not—and cannot—meet his burden of establishing that this Court has personal jurisdiction over Binance. Just two weeks ago, this Court dismissed a nearly identical complaint against Binance brought by the same plaintiffs' counsel because the contacts alleged were "woefully inadequate to support the exercise of . . . jurisdiction over [Binance]." *Guarini v. Doe, et al.,* No. 21-cv-81890, at *6 (DMM) (S.D. Fla. Apr. 5, 2022) (ECF No. 25). As Judge Middlebrooks recognized, Binance is a foreign company incorporated in the Cayman Islands; it is not "at home" in Florida for purposes of general jurisdiction (*id.*), and the alleged harm to Plaintiff is not "inextricably entwined" with a general course of business activity by Binance in the jurisdiction (*id.* at *7). Indeed, public records "establish that Binance restricts United States users from accessing its platforms and that Binance.US is not affiliated" with Binance Holdings, Ltd. *Id.* Other federal courts have similarly declined to exercise personal jurisdiction over Binance, *see Reynolds v. Binance Holdings Ltd*., 481 F. Supp. 3d 997 (N.D. Cal. 2020), and found that Binance is not a "domestic" exchange under

1

the federal securities laws "subject to the jurisdiction of the United States," *Lee v. Binance*, No. 20-cv-02803, at *8 (ALC) (S.D.N.Y. Mar. 31, 2022) (ECF No. 77).  Plaintiff's allegations that an unidentified number of U.S.-based individuals use VPN software to access Binance, and that Binance sponsored "celebrity fueled" public service videos encouraging viewers to do their own research on cryptocurrency, do not change this analysis.

In addition to lack of personal jurisdiction, the claim against Binance for aiding and abetting conversion should be dismissed because the Complaint fails to establish a cognizable claim against Binance.  Under well-settled law, a financial institution must have actual knowledge of the alleged wrongdoing and provide "substantial assistance" to the wrongdoer in order to aid and abet conversion.  The simple allegation that Plaintiff notified Binance that it believes a theft has occurred does not establish knowledge by Binance that Plaintiff's assertions were true, much less substantial assistance by Binance to the alleged thief, Defendant John Doe.

Accordingly, Binance should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of jurisdiction or, in the alternative, the claim against Binance (Count II) should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

According to the Complaint, Plaintiff Ulises Fernandez Miro is a resident of Florida. (Compl. ¶ 4.)  Mr. Miro maintained an account at Kraken, a U.S.-based cryptocurrency exchange. (*Id.* at ¶ 38.)  On or about November 9, 2021, Mr. Miro's Kraken account was "infiltrated" in an undisclosed manner by an unidentified individual, and 105.3267172 ETH was allegedly stolen from Plaintiff's Kraken account.  (*Id.* at ¶¶ 40–41.)  The Complaint contains no specific allegations

about how the individual gained access to Mr. Miro's account or what security measures Plaintiff and Kraken had in place for the account.

Plaintiff engaged an international cryptographic tracing and investigative firm, that allegedly traced a small portion of the stolen ETH through a series of transactions to different accounts at Binance on three days in November 2021.  (*Id.* at ¶¶ 42–43.)  Notably, the Complaint does not provide a full transaction history tracing transfers from Plaintiff's account to the source accounts identified in the pleading; it only shows alleged transfers from unidentified source accounts to purported Binance wallets.  Nor does it trace the ETH beyond the undated snapshot provided.  The Complaint also concedes that the majority of the stolen ETH was sent to non-Binance accounts, but Plaintiff does not identify the entity to which those funds were allegedly traced or what happened to those funds.  (*Id.* at ¶ 44.)

Plaintiff does not allege that he ever had an account at Binance or that he had any communication with Binance prior to his lawyer sending demand letters after the events in question.  Plaintiff also does not allege that he contacted law enforcement about the alleged theft, or the status or findings of any law enforcement investigation.

Plaintiff commenced this action on March 14, 2022, asserting a claim for Conversion against John Doe and a claim for Aiding and Abetting Conversion against Binance.  Plaintiff thereafter served Binance Holdings Ltd. in the Cayman Islands on March 28, 2022.  (Dkt. 4.)

## ARGUMENT

## I.    This Court Lacks Personal Jurisdiction Over Binance

Plaintiff bears the burden of establishing a *prima facie* showing of personal jurisdiction over each defendant.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010); *Consol.*

*Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Jurisdictional analysis over nonresident defendants is a two-step inquiry. *See Virgin Health Corp.*, 393 F. App'x at 626 (citing *Mazer,* 556 F.3d at 1274). A federal court must determine "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum state [*i.e.,* Florida]; and (2) does not violate the Due Process Clause of the Fourteenth Amendment." *Id.* Both parts of the test must be satisfied in order for a court to exercise personal jurisdiction over a non-resident defendant. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) (quoting *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)). In evaluating a pleadings challenge as to personal jurisdiction, the trial court must strictly construe the long-arm statute and "any doubts about applicability of the statute [must be] resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *In re Takata Airbag Prods. Liab. Litig.,* 396 F. Supp. 3d 1101, 1142 (S.D. Fla. 2019) (citing *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1352 n.2 (S.D. Fla. 2007)).

Here, the Complaint is facially deficient because none of the sparse allegations establish that Binance is "essentially at home" in Florida or that Binance has engaged in "purposeful direction" or "availment" of the jurisdiction related to the events in question.

### A.    Binance is Not Subject to General Jurisdiction in Florida

With respect to general jurisdiction, the reach of Florida's long-arm statute, § 48.193, is "coextensive with the limits on personal jurisdiction imposed by the Due Process Clause." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1386 (S.D. Fla. 2014) (citing *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). Under both standards, a court may assert general jurisdiction over a foreign corporation only if the corporation's connections to the forum state are "so 'continuous and systematic' as to render it essentially at home in the forum state." *Aronson,* 30 F. Supp. 3d at 1386 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014)); *Carmouche*

*v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (requiring that defendant must be engaged in "substantial and not isolated activity" in Florida to be subject to general jurisdiction); *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 791 (11th Cir. 2017) (same, citing Fla. Stat. § 48.193(2)).  When invoking general jurisdiction over a foreign corporation, the corporation's activities in the forum must closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business.  *Tamborlee Mgmt.,* 789 F.3d at 1205; *see also Waite v. All Acquisition Corp.,* 901 F.3d 1307, 1318 (11th Cir. 2015).  Only in an "exceptional case" will "a corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial . . . as to render the corporation at home in that State."  *Wolf,* 683 F. App'x at 791 (citing *Daimler,* 571 U.S. at 139 n.19).

Here, Binance is neither incorporated nor has its principal place of business in Florida. (Compl. ¶ 6.)  There are no allegations that Binance has any offices, employees, property, or any other continuous contacts with Florida.  Plaintiff has no basis to contend that Binance is "essentially at home" in Florida.  *See Guarini,* No. 21-81890, at *6 (finding court lacked general jurisdiction over Binance because factual allegations about "customers' use of [Binance's] services in the United States is woefully inadequate to support the exercise of general jurisdiction over [Binance].");  *Heissenberg v. Doe*, No. 21-cv-80716, 2021 WL 2621100, at *2 (S.D. Fla. June 24, 2021) (finding court lacked general jurisdiction over a cryptocurrency exchange where the plaintiff failed to offer any evidence that the cryptocurrency exchange was "incorporated in Florida or has its principal place of business in Florida"); *see also Reynolds*, 481 F. Supp. 3d at 1003–04 (finding that Binance is not subject to general personal jurisdiction in California and allegations about serving U.S. customers "do not illustrate that Binance has the requisite affiliations with California to be essentially at home in the state and subject to general jurisdiction in it.")

While the Complaint includes a series of conclusory allegations about sporadic contacts between Binance and Florida, even taking these allegations as true, the Complaint's allegations fall far short of establishing the "continuous and systematic" contacts required to exercise jurisdiction.

*First,* Plaintiff's assertions that Binance "serves customers in the United States—including in this jurisdiction" through Binance.US (Compl. ¶ 7) is demonstrably false and, in any event, insufficient to establish general jurisdiction over Binance. Public records, including registration documents filed with the Financial Crimes Enforcement Network, Department of the Treasury ("FinCEN"), make clear that Binance.US is a d/b/a of BAM Trading Services, Inc., which is a separate legal entity from Binance Holdings, Ltd. *See* https://www.fincen.gov/msb-registrant-search (results for "BAM Trading Services").[1] The business activities of BAM Trading Services cannot impart jurisdiction over an entirely different and foreign legal entity. *Guarini*, No. 21-cv-81890 at *8 (recognizing that "Binance.US is not affiliated with the Binance that has been sued in this action"); *Reynolds*, 481 F. Supp. 3d at 1007 (finding that plaintiff alleged "insufficient facts to demonstrate a unity of interest between Binance and BAM").[2] And even if BAM were an affiliate, the business activities of an affiliate do not subject a company to general jurisdiction in Florida. *See MeterLogic, Inc. v. Copier Sols., Inc.,* 126 F. Supp. 2d 1346, 1353–54 (S.D. Fla. 2000)

---

[1] The Court can take judicial notice of FinCEN registration documents and other public records. *See Gomes v. Portfolio Recovery Assocs., LLC,* No. 18-cv-21872V, 2018 WL 4179059, at *5 (S.D. Fla. Aug. 22, 2018) ( "the Court can properly take judicial notice of the documents appearing on a governmental website") (citation omitted); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.") (citation omitted).

[2] Plaintiff's assertion that Binance.US is a "fiat gateway" for Binance (Compl. ¶ 22) is a gross mischaracterization of the Terms of Use cited. The section of the Terms of Use cited in the Complaint does not mention Binance.US at all, much less identify it as a "fiat gateway." Public records show that Binance.US is a separate cryptocurrency exchange.

(presence and business activities of subsidiary corporation within Florida found to be insufficient to subject a nonresident parent corporation to the state's long-arm jurisdiction); *EcoMed, LLC v. Asahi Kasei Med. Co.*, No. 17-61360-CIV, 2018 WL 6620313, at *8–*9 (S.D. Fla. Oct. 31, 2018), *report and recommendation adopted*, No. 0:17-CV-61360, 2018 WL 6620467 (S.D. Fla. Nov. 28, 2018) (same).

 *Second*, the assertion that Binance "uses various third-party companies, including companies located within this jurisdictional district, to enable . . . its 'ecosystem' to function" (Compl. ¶ 21) is conclusory, unsupported, and insufficient to establish general jurisdiction over Binance.  *See Lee*, No. 20-cv-02803, at *8 (ECF No. 77) (finding allegations that Binance used U.S.-based infrastructure were not sufficient to find that Binance is a "domestic exchange" under the federal securities laws); *Man-D-Tec, Inc. v. Nylube Prod. Co.*, LLC, No. 11-cv-1573 (PHX) (GMS), 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012) (finding server location immaterial to general personal jurisdiction analysis because "if the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server.")

 *Third*, Plaintiff's allegations that customers can theoretically use a VPN to access Binance in the United States does not speak to any action by Binance and is irrelevant to the jurisdictional inquiry.  (Compl. ¶¶ 28-36.)  Jurisdiction is proper only "where the defendant's contacts with the forum proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state."  *Courboin v. Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) (emphasis in original) (recognizing that "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State") (citing *Madara*, 916 F.2d at 1514); *see also Kennedy v. Heidi Motel Inc.*, No. 19-cv-60946,

2019 WL 11553695, at *5 (S.D. Fla. June 20, 2019) (finding the fact that "plaintiff accessed [d]efendant's website in Florida does not demonstrate that [d]efendant has availed itself of Florida's laws, deliberately engaged in activities within the state, or otherwise conducted significant business activities there" and rejecting theory that business could be hauled into court in any state where website could be accessed).  The existence of third-party software that could be used to circumvent Binance's restrictions against U.S. users does not give rise to personal jurisdiction over Binance.  And even if there were users in Florida who used a VPN to access Binance (Compl. ¶ 34), the mere existence of customers in a jurisdiction does not establish general jurisdiction.  *See Waite*, 901 F. 3d at 1318 (rejecting general jurisdiction even where company "conducted significant business in Florida" because "even 'substantial, continuous, and systematic' business is insufficient to make a company 'at home' in the state.") (citing *Daimler,* 571 U.S. at 139).

*Fourth*, Binance's sponsorship of public service videos encouraging users to research cryptocurrencies for themselves (Compl. ¶¶ 23-27) has no bearing on the jurisdictional analysis. Indeed, even multiple advertisements directed at a Florida-specific audience (a far cry from the videos identified here) would not be sufficient to establish general jurisdiction.  *See Estate of Fraser v. Smith,* No. 04-cv-22191, 2007 WL 5007084, at *6 (S.D. Fla. Nov. 13, 2007) (finding "handful of advertisements in publications—even if those publications reach the people of Florida —are not enough to constitute a systemic and continuous presence in the state"); *see also Sherritt,* 216 F.3d at 1292 ("Placing advertisements in a newspaper is not a sufficient connection to the forum for in personam jurisdiction") (citing *Johnston v. Frank E. Basil, Inc.,* 802 F.2d 418 (11th Cir. 1986)).  Here, the videos cited in the Complaint did far less, as it did not even encourage viewers to use Binance.  (*See* Compl. ¶ 26).  Instead, the videos were part of a "consumer

empowerment campaign" using individuals "known for their honesty and independence" to encourage viewers to use reliable sources to educate themselves about cryptocurrency.[3]

*Finally*, the Complaint's speculative and conclusory allegations that Binance "voluntarily works with American law enforcement" (Compl. ¶ 20), without identifying any specifics related to this District, is insufficient to establish jurisdiction. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318 (11th Cir. 2006) (when a party relies "solely on vague and conclusory allegations" in a complaint, such allegations are "insufficient to establish a prima facie case of personal jurisdiction"); *see also Castillo v. Allegro Resort Mktg.,* 603 F. App'x 913, 916 (11th Cir. 2015) (finding plaintiff's "conclusory allegations" that foreign defendant had "contacts with [Florida] 24/7 and 365 days a year" were "insufficient to establish a prima facie case of jurisdiction.") The assertion that assistance to law enforcement renders Binance "at home" in Florida is illogical, unsupported, and against public policy.

Simply put, Binance is a foreign corporation, and there are no allegations establishing this as the "exceptional case" where the court can exercise general jurisdiction over an out-of-state entity. *See Tamborlee Mgmt.,* 789 F.3d at 1204–05 (recognizing that the "only 'exceptional' case the Supreme Court has identified" as warranting the exercise of general jurisdiction over a foreign company involved a company's relocation of its business operations from the Philippines to Ohio during World War II) (citing *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)).

---

[3] Press Release, "Binance Unites J Balvin, Jimmy Butler and Valentina Shevchenko to Take on Big Game Crypto Ads, Invites Fans to Sound the #CryptoCelebAlert and Trust Themselves to Learn Crypto" (Feb. 9, 2022), available at https://www.binance.com/en/blog/community/binance-unites-j-balvin-jimmy-butler-and-valentina-shevchenko-to-take-on-big-game-crypto-ads-invites-fans-to-sound-the-cryptocelebalert-and-trust-themselves-to-learn-crypto-421499824684903392 (cited Compl. ¶ 24 n.6).

### B.     This Court Lacks Specific Jurisdiction Over Binance

Unlike general jurisdiction, "specific" personal jurisdiction is claim-specific; a plaintiff must demonstrate that the nonresident defendant committed a specific act enumerated in the Florida long-arm statute, and that the cause of action arises from the enumerated act.  Fla. Stat. § 48.193(1)(a)(1)–(9); *Moreno v. Carnival Corp.*, 488 F. Supp. 3d 1233, 1238 (S.D. Fla. 2020). While Plaintiff does not specify under which sections of the long-arm statute it seeks to exercise jurisdiction over Binance, neither the Complaint's allegations that the Plaintiff suffered harm in Florida nor the allegations of general business activity by Binance's "ecosystem" give rise to specific personal jurisdiction.

### 1.   Alleged Harm to Plaintiff Does Not Create Jurisdiction Over Binance

Plaintiff's primary claim in attempting to establish specific jurisdiction is that he "suffered [harm] in Florida, as his cryptocurrency assets were stolen and laundered through computer servers in Florida." (Compl. ¶ 16, *see id.*  ¶¶ 15, 17.)  This argument was squarely rejected by Judge Middlebrooks.  *Guarini,* No. 21-cv-81890 at *7 ("the fact that Plaintiff was the victim of a crime in Florida committed by an unknown John Doe Defendant does not bear on Defendant Binance's contacts with the forum state").  Indeed, the United States Supreme Court has made clear that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 278 (2014).

Although Fla. Stat. § 48.193(1)(a)(6) grants jurisdiction for causes of action "arising from" acts "[c]ausing injury to persons or property within the state arising out of an act or omission by the defendant outside this state" if one of two conditions are met,[4] the fact that Plaintiff's claims

---

[4] Plaintiff must also establish that "at or about the time of the injury, either: (a) The defendant was engaged in solicitation or service activities within the state; or (b) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade or use."  *Id.*  Plaintiff also fails to

involve only claims of economic loss precludes jurisdiction here.  "Florida's Supreme Court has held that economic injury, unaccompanied by physical injury or property damage, is insufficient to subject a non-resident defendant to personal jurisdiction under § 48.193(1)(a)(6)."  *Courboin*, 596 F. App'x at 734 (citing *Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.,* 511 So.2d 992, 994 (Fla. 1987)); *see also Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1236 (S.D. Fla. 2021) ("It is well settled that allegations of economic injury alone do not establish the type of injury to persons or property within Florida required to establish personal jurisdiction pursuant to Section 48.193(1)(a)(6).")  Plaintiff's complaint, involving only the loss of cryptocurrency, clearly involves only economic damages.

### 2.   Plaintiff's Harm Does Not "Arise From" Any Binance Business Activity in Florida

To the extent that Plaintiff invokes general business activity in Florida (by an affiliate or by Binance itself) as a basis for jurisdiction, these allegations fall far short of establishing specific jurisdiction because the cause of action does not arise from this activity.  While the long-arm statute extends jurisdiction to cases "arising from" the "operating, conducting, engaging in, or carrying on a business or business venture" in Florida, Fla. Stat. § 48.193(1)(a)(1), no such act is pleaded here.  The Complaint's allegations that Binance.US, Binance's alleged affiliate, "serves customers in the United States—including in this jurisdiction . . . " (Compl. ¶ 7), does not establish that Binance was "carrying on business" for purposes of the long-arm statute, as it cannot show "a general course of business activity in the state for pecuniary benefit."  *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000).

---

plead these elements, as he cannot demonstrate that the video in question actually solicited customers for Binance's services, or that it occurred "at or about the time of the injury," as the advertisement occurred several months *after* the alleged theft.

In determining whether a defendant is "engaging in" business in the State, the defendant's activities "must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). Courts consider (1) "the presence and operation of an office in Florida;" (2) "the possession and maintenance of a license to do business in Florida;" (3) "the number of Florida clients served;" and (4) "the percentage of overall revenue gleaned from Florida clients." *Id.* (citations omitted). Plaintiff makes no showing on any of these factors for Binance. Indeed, by his own allegation, Binance is incorporated in the Cayman Islands, *not* Florida. (Comp. ¶6.) And, as discussed above, Binance.com restricts United States users from accessing the platforms. (*See* Binance.com "Terms of Use" § II(3)(b)(v), available at https://www.binance.com/en/terms.)

Even if Plaintiff's allegations relating to BAM Trading Services d/b/a Binance.US were sufficient to establish business activity by Binance in Florida—which they are not—Plaintiff has not shown that the cause of action in this case "aris[es] from" such business activity. Fla. Stat. § 48.193(1)(a). None of the allegations in the Complaint relate to any customer account at Binance.US, or any purported operation of Binance.US in Florida. *See Guarini*, No. 21-cv-81890 at *7–*8 (finding no specific jurisdiction over Binance based upon actions of Binance.US); *Moreno*, 488 F. Supp. 3d at 1238 (rejecting the application of specific jurisdiction even where defendant allegedly maintained a website in Florida, maintained a bank account in Florida, and received payments in Florida, where the plaintiff's underlying cause of action did not arise from those business activities in Florida); *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1340 (S.D. Fla. 2014) (rejecting the application of specific jurisdiction where "[n]o nexus exist[ed]

between the alleged negligence and any of [the defendant's] Florida contacts to find specific jurisdiction under" Fla. Stat. § 48.193(1)(a)(1)).

Because the dispute at issue has no relation whatsoever to any purported activity by Binance in Florida, there is no basis for specific jurisdiction.

### C.    The Exercise of Jurisdiction Would Not Comport with Due Process

Where, as here, a Plaintiff cannot satisfy the requirements for personal jurisdiction pursuant to the Florida long-arm statute, there is "[no need to] address the second inquiry: whether the exercise of jurisdiction comports with due process," *Giuliani v. NCL (Bahamas) Ltd.*, No. 1:20-CV-22006, 2021 WL 4099502, at *9 (S.D. Fla. Sept. 8, 2021) (quoting *Moreno*, 488 F. Supp. 3d at 1239), because "the Due Process Clause imposes a more restrictive requirement than does Florida's Long-Arm Statute," *Id.* (quoting *Carmouche*, 36 F. Supp. 3d at 1344). Plainly, Binance does not possess sufficient "minimum contacts" with Florida to satisfy federal constitutional due process requirements; the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1220, 1224 (11th Cir. 2009).

## II.    Alternatively, the Complaint Should be Dismissed Against Binance For Failure to Plead a Cognizable Claim.

In the alternative, Plaintiff's effort to recover from Binance for the bad acts of unidentified hackers also fails because he has not stated a cognizable claim. "To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter that, accepted as true, states a claim to relief that is plausible on its face." *Anderson v. Wilco Life Ins. Co.*, 17 F.4th 1339, 1345 (11th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Accordingly, "a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not survive dismissal." *Proeduca*

*Altus, S.A. v. Tech. Trade Grp., Inc.*, No. 21-cv-22639, 2021 WL 5632397, at *2 (S.D. Fla. Dec. 1, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Plaintiff attempts to assert a claim for "Aiding and Abetting Conversion" against Binance.  (Compl. ¶¶ 66–70 (Count II).)  He must therefore plead: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012) (citing *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*, 917 So.2d 368, 372 (Fla. 5th DCA 2005)).  Even assuming *arguendo* that Plaintiff alleges a proper conversion claim against Defendant John Doe, Plaintiff has not alleged—and cannot allege—that Binance (i) had knowledge of the conversion, or (ii) provided substantial assistance to Defendant John Doe in committing the conversion.

With respect to the knowledge element, it is well established that a defendant must have had "actual knowledge" of the wrongdoing, and "conclusory statements that a defendant 'actually knew' is insufficient to support an aiding and abetting claim where the facts in the complaint only suggest that the defendant should have known that something was amiss." *Platinum Ests., Inc. v. TD Bank, N.A.*, No. 11-cv-60670, 2012 WL 760791, at *3 (S.D. Fla. Mar. 8, 2012) (quoting *Groom v. Bank of Am.*, No. 08-cv-2S67, 2012 WL 50250, at *2–*3 (M.D. Fla. Jan. 9, 2012) (internal quotation marks omitted)).  Where the alleged aider and abettor merely holds funds in accounts for others, such as with banks, cases are clear that "Florida law does not require banking institutions to investigate transactions," *Lawrence*, 455 F. App'x at 907, and that mere "red flags" that "should have alerted the bank to potentially unscrupulous activity by its customer" are "insufficient to establish a claim for aiding and abetting." *Wiand v. Wells Fargo Bank, N.A.*, 938

14

F. Supp. 2d 1238, 1244 (M.D. Fla. 2013).  Here, nothing in the Complaint indicates that Binance was aware that Defendant John Doe was transferring stolen Ethereum from Plaintiff to Binance accounts, as Plaintiff alleges.  Although Plaintiff, in entirely conclusory fashion, repeatedly states that Binance had "actual knowledge" of the conversion (*see* Compl. ¶¶ 51, 67–68), the only support Plaintiff offers is that, after the fact, Plaintiff's litigation counsel sent a letter to Binance asserting the alleged theft (Compl. ¶ 45).  While such a letter may prompt (but does not require) an investigation, it does not itself qualify as "actual knowledge" that the conversion occurred.  *See Wiand*, 938 F. Supp. 2d at 1244–47; *cf. Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1325 (M.D. Fla. 2013) (finding actual knowledge to be sufficiently alleged only after the bank conducted its own investigation, took affirmative actions to close the accounts, and still continued to process transactions).

Separately, Plaintiff fails to plead that Binance provided substantial assistance to Defendant John Doe.  "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the [underlying violation] to occur." *BCJJ, LLC v. LeFevre*, No. 09-cv-551, 2012 WL 3071404, at *34 (M.D. Fla. July 27, 2012).  Here, Plaintiff has not alleged anything beyond mere inaction by Binance in the wake of John Doe's alleged conversion.  A financial institution's failure to freeze assets of an individual accused of stealing from a complaining third party does not constitute aiding and abetting conversion.  *See, e.g. Richter v. Wells Fargo Bank NA,* No. 11-cv-695, 2015 WL 163086, at *4 (M.D. Fla. Jan. 13, 2015) (dismissing aiding and abetting claims against bank for failing to freeze assets of an individual who stole from the plaintiff because such "inaction would not support a determination that [the bank] provided substantial assistance for the conversion."); *see also Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017) (inaction does not constitute substantial

assistance unless there is a separate fiduciary duty owed to the plaintiff); *Hines v. FiServ, Inc.*, No. 08-CV-2569, 2010 WL 1249838, at *4 (M.D. Fla. Mar.25, 2010) ("[A] failure to act, where there is no duty to act, is not substantial assistance.")  A defendant does not provide substantial assistance unless his action, or inaction, was a "substantial factor in causing the [underlying violation]." *In re Palm Beach Fin. Partners, L.P.*, 517 B.R. 310, 348 (Bankr. S.D. Fla. 2013) (quotation omitted).

Plaintiff's alternative theory that Binance ignored its own internal policies and procedures and maintained inadequate KYC/AML policies (Compl. ¶ 70) also does not rise to the level of "affirmativ[e] assist[ance]," *LeFevre*, 2012 WL 3071404, at *34, or a "substantial factor in causing" the conversion, *In re Palm Beach*, 517 B.R. at 348, and is nothing more than "mere inaction," *Chang*, 845 F.3d at 1098.[5]  Courts routinely dismiss allegations of aiding and abetting where a third party did not affirmatively assist in committing the underlying violation. *See, e.g., Groom v. Bank of Am.*, No. 08-cv-2S67, 2012 WL 50250, at *4 (M.D. Fla. Jan. 9, 2012) (dismissing aiding and abetting claim against banks because no substantial assistance was alleged where allegations were that banks "failed to adhere to the customary and accepted standard of care and failed to monitor incoming deposits and wires and other monies entrusted to them" and that [the fraudster]'s conduct "would normally have been deemed suspicious activities"); *Richter*, 2015 WL 163086, at *4.

For all of the above reasons, Plaintiff has not pled a plausible claim against Binance for aiding and abetting conversion, and the claim should be dismissed.

---

[5] Oddly, Plaintiff describes Binance's policies as allowing "deposits and withdrawals of up to two (2) bitcoin per day though the Binance.com exchange without any form of identification verification." *Id.* ¶ 49.  Yet the cryptocurrency allegedly stolen from Plaintiff was "Ether," which is presumably Ethereum, a well-known cryptocurrency commonly referred to by the acronym ETH.  *See* Compl. ¶¶ 39–44.

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(A)(3)

In accordance with Rule 7.1(a)(3) of the Local Rules of the United States District Court for the Southern District of Florida, the undersigned attorneys for Defendant Binance Holdings, Ltd. certify that they have conferred with counsel for Plaintiff in a good faith effort to resolve the issues raise in this motion and were unable to do so.

## CONCLUSION

For the foregoing reasons, Binance respectfully submits that this Court should dismiss Binance from this action, and dismiss Count II, with prejudice.

Dated: April 18, 2022

Respectfully submitted,

By*: /s/ Daniel L. Rashbaum
**MARCUS NEIMAN & RASHBAUM LLP**
Daniel L. Rashbaum
2 South Biscayne Boulevard
Suite 2530
Miami, Florida 33131
Tel:  305-400-4261
drashbaum@mnrlawfirm.com

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.**
Karen R. King (*pro hac pending*)
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
kking@maglaw.com

*Counsel for Defendant Binance Holdings, Ltd.*