# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:22-cv-80399-RS**

ULISES FERNANDEZ MIRO, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;
and BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company;

    Defendants.

_____/

## JOINT CONFERENCE REPORT

Pursuant to this Court's May 4, 2022 "Order Requiring Joint Scheduling Report, Certificates of Interested Parties and Corporate Disclosure Statements" [Docket Entry No. ("DE") 13], Southern District of Florida Local Rules 16.1(b)(2) and 16.1(b)(3), and Federal Rule of Civil Procedure 26(f), a conference was held on May 31, 2022 between:

| NAME | COUNSEL FOR |
|---|---|
| David C. Silver, Esq.<br>Jason S. Miller, Esq. | Ulises Fernandez Miro<br>(*Plaintiff*) |
| Karen King, Esq. | Binance Holdings, Ltd. d/b/a Binance<br>(*Defendant Binance Holdings, Ltd.*) |

At their May 31, 2022 conference, counsel for Plaintiff ULISES FERNANDEZ MIRO, an individual ("Plaintiff"), and Defendant BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company ("Defendant BINANCE") (collectively "the Parties") addressed the topics set forth in Order Setting Initial Planning and Scheduling Conference, Local Rules 16.1(b)(2) and 16.1(b)(3), and Fed.R.Civ.P. 26(f), as well as additional matters set forth herein.  As a result of their conference, the Parties have agreed on the following plain statement of the case, dates, discovery

Civil Action No. 9:22-cv-80399-RS

plan, and case management; and submit the following Joint Scheduling Report and Joint Discovery Report.

## PLAIN STATEMENT OF THE CASE

In this case, Plaintiff is alleging damages from a fraudulent scheme that sought to, and ultimately did, steal Four Hundred Eighty-Eight Thousand Dollars ($488,000.00) worth of cryptocurrency from Plaintiff. Defendant JOHN DOE played a material role in the scheme to steal Plaintiff's assets and currently possesses -- in an account maintained at cryptocurrency exchange BINANCE -- Plaintiff's stolen property.

On or about November 9, 2021, an unknown and unauthorized JOHN DOE infiltrated Plaintiff's account at cryptocurrency exchange Payward, Inc. d/b/a Kraken ("Kraken"). As a direct result of the foregoing, JOHN DOE -- on November 9, 2021 -- stole from Plaintiff 105.3267172 ETH that had been stored in Plaintiff's Kraken account. As concluded by international cryptographic tracing and investigative firm Coinfirm, the 105.3267172 ETH transferred from Plaintiff's Kraken account were transferred in a series of transactions to a collection of deposit addresses at BINANCE (the "BINANCE Addresses") believed to be owned, controlled, and maintained by JOHN DOE.

On January 7, 2022, undersigned counsel provided written notice to BINANCE advising BINANCE of the theft and requesting that, if the stolen assets were still located in the account(s) tied to the BINANCE Addresses, BINANCE freeze the account(s) controlling those addresses so the assets could not be withdrawn from those addresses. Upon information and belief, the assets at issue are still housed at BINANCE.

Plaintiff has alleged in his Complaint that BINANCE had actual knowledge that cryptocurrency stolen from Plaintiff had been transferred to addresses and accounts on

Civil Action No. 9:22-cv-80399-RS

BINANCE's exchange. BINANCE had the ability to freeze those accounts and stop transactions on its exchange involving the stolen cryptocurrency and return the funds to Plaintiff. BINANCE could have done so before some or all of the stolen cryptocurrency left the BINANCE exchange; however, BINANCE provided no response to Plaintiff's plea for assistance and an appropriate remedy. To the extent Plaintiff's stolen assets are no longer at BINANCE, BINANCE either intentionally or negligently failed to interrupt the money laundering process when it could have done so.

Defendant BINANCE contends that the Court lacks personal jurisdiction over Defendant BINANCE; and Defendant BINANCE states that it participated in drafting this Joint Conference Report while reserving all rights to object to the jurisdiction of this Court. As this Court has previously recognized in *Guarini v. Doe, et al.,* No. 21-cv-81890, at *6 (DMM) (S.D. Fla. Apr. 5, 2022) (ECF No. 25), Binance is a foreign company incorporated in the Cayman Islands and is not "at home" in Florida for purposes of general jurisdiction. Additionally, the alleged harm to Plaintiff is not "inextricably entwined" with a general course of business activity by Binance in Florida as required to establish specific jurisdiction. Defendant BINANCE further contends, among other defenses, it was not involved in the alleged fraud scheme and that Plaintiff has not asserted against it a viable cause of action.

<b><u>JOINT SCHEDULING REPORT</u></b>

  A. <u>The Likelihood of Settlement</u>

The Parties are in active settlement discussions. It is too early to assess the likelihood of settlement.

  B. <u>The Likelihood of Appearance in the Action of Additional Parties</u>

Plaintiff states that additional parties -- primarily the true person now known only as JOHN DOE, along with any individuals or entities that assisted him in carrying out his theft of Plaintiff's

assets -- might appear or be joined in this action, though the identity of those parties is unknown at this time. Defendant is not aware of any additional parties who might be joined.

### C. Proposed Case Management Deadlines

The Parties have attached hereto a **proposed Scheduling Order** that sets forth relevant pretrial case management deadlines, which is based on the Standard Case Management track pursuant to S.D. Fla. L.R. 16.1.A.2.

### D. Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment

The Parties anticipate some of the factual and legal issues can be agreed upon and narrowed as discovery is exchanged and as the case proceeds. The Parties will continue to cooperate in good faith to simplify the issues before the Court.

### E. The Necessity or Desirability of Amendments to the Pleadings

The Parties have agreed on a proposed deadline for the amendment of any pleadings, as set forth in the attached Joint Proposed Scheduling Order.

### F. The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence

The Parties will work with one another in good faith to resolve all issues relating to discovery.

### G. Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence

The Parties expect to continue to narrow the factual and legal issues in dispute whenever possible in an effort to curtail the pretrial and trial proceedings and to avoid unnecessary proof and cumulative evidence. The Parties also expect to work cooperatively to minimize burdensome, duplicative, or unnecessary discovery.

### H. Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master

The Parties do not agree to refer matters to a Magistrate Judge or Master.

### I. A Preliminary Estimate of the Time Required for Trial

The Parties expect that this case will require **three (3) days** for a trial before a jury.

### J. Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference and Trial

As detailed in the Joint Proposed Scheduling Order, the Parties propose an approximate time for a trial date and a Final Pretrial Conference Date.

### K. Any Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference

None are known at this time.

### L. List of Pending Motions

The following motion is fully briefed and remains pending before the Court:

Defendant BINANCE's Motion to Dismiss (DE 8).

Dated:  May 31, 2022

Respectfully submitted,

 /s/ David C. Silver                              /s/ Michael A. Pineiro
David C. Silver, Esq.                            Michael A. Pineiro, Esq.
Jason S. Miller, Esq.                            **MARCUS NEIMAN & RASHBAUM LLP**
**SILVER MILLER**                                2 South Biscayne Boulevard - Suite 2530
4450 NW 126th Avenue - Suite 101                 Miami, Florida 33131
Coral Springs, Florida 33065                     Telephone:    (305) 400-4261
Telephone:    (954) 516-6000                     E-mail:       mpineiro@mnrlawfirm.com
E-mail:  DSilver@SilverMillerLaw.com
         JMiller@SilverMillerLaw.com              /s/ Karen R. King
                                                 Karen R. King, Esq.
*Counsel for Plaintiff Ulises Fernandez*         **MORVILLO ABRAMOWITZ GRAND**
*Miro*                                           **IASON & ANELLO, P.C.**
                                                 565 Fifth Avenue

Civil Action No. 9:22-cv-80399-RS

New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
E-mail: kking@maglaw.com

*Counsel for Defendant Binance Holdings, Ltd. d/b/a Binance*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __31st__ day of May 2022 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **MICHAEL A. PINEIRO, ESQ.**, MARCUS NEIMAN RASHBAUM & PINEIRO LLP, *Counsel for Defendant Binance*, 2 South Biscayne Boulevard - Suite 2530, Miami, FL 33131, E-mail: mpineiro@mnrlawfirm.com; and **KAREN R. KING, ESQ.**, MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C., *Counsel for Defendant Binance*, 565 Fifth Avenue, New York, NY 10017, E-mail: kking@maglaw.com.

                                        */s/ David C. Silver*
                                          DAVID C. SILVER