# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ULISES FERNANDEZ MIRO, an individual, | Case No. 22 Civ. 80399 (RS) |
| Plaintiff, | Hon. Rodney Smith |
| - v. - | |
| JOHN DOE, an individual; and BINANCE HOLDINGS, LTD. d/b/a Binance, a foreign company; | |
| Defendants. | |

# DEFENDANT BINANCE HOLDINGS LTD'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    I.    Binance is Not Subject to General Jurisdiction in Florida.................................................. 2

    II.   This Court Lacks Specific Jurisdiction Over Binance ........................................................ 5

    III.  Plaintiff is Not Entitled to an Affidavit or Discovery. ....................................................... 7

    IV.  Alternatively, the Complaint Should be Dismissed Under Rule 12(b)(6) Against Binance For Failure to Plead a Cognizable Claim. ........................................................................... 8

CONCLUSION ............................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                            **Page(s)**

*Alibaba Group Holding Ltd. v. Alibabacoin Foundation*
   2018 WL 5118638 (S.D.N.Y. Oct. 22, 2018) ............................................................... 3

*Auf v. Howard Univ.*,
   2020 WL 1452350 (S.D. Fla. Mar. 25, 2020) ............................................................. 8

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*,
   722 F. App'x 870 (11th Cir. 2018) ............................................................................. 6

*Cabot East Broward 2 LLC v. Cabot*,
   2016 WL 8739579 (S.D. Fla. Oct. 25, 2016) ........................................................... 10

*Courboin v. Scott*,
   596 F. App'x 729 (11th Cir. 2014) ............................................................................. 4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................ 2, 3

*Estate of Fraser v. Smith*,
   2007 WL 5007084 (S.D. Fla. Nov. 13, 2007) ............................................................ 4

*Grimes v. Young Life, Inc.*,
   2016 WL 11531540 (M.D. Fla. May 2, 2016) ........................................................... 8

*Groom v. Bank of Am.*,
   2012 WL 50250 (M.D. Fla. Jan. 9, 2012) ................................................................ 10

*Heissenberg v. Doe*,
   2021 WL 2621100 (S.D. Fla. June 24, 2021) ............................................................ 4

*Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*,
   2021 WL 3054908 (S.D. Fla. July 20, 2021) ............................................................. 8

*In re Takata Airbag Prod. Liab. Litig.*,
   396 F. Supp. 3d 1101 (S.D. Fla. 2019) ....................................................................... 8

*Kennedy v. Heidi Motel Inc.*,
   2019 WL 11553695 (S.D. Fla. June 20, 2019) .......................................................... 5

*Lawrence v. Bank of Am., N.A.*,
  455 F. App'x 904 (11th Cir. 2012) ............................................................................................ 9

*Madara v. Hall*,
  916 F.2d 1510 (11th Cir. 1990) ................................................................................................ 4

*McKally v. Perez*,
  87 F. Supp. 3d 1310 (S.D. Fla. 2015) ....................................................................................... 4

*Milligan Elec. Co. v. Hudson Const. Co.*,
  886 F. Supp. 845 (N.D. Fla. 1995) ........................................................................................... 7

*Reynolds v. Binance Holdings Ltd.*,
  481 F. Supp. 3d 997 (N.D. Cal. 2020) ...................................................................................... 8

*Richter v. Wells Fargo Bank NA*,
  2015 WL 163086 (M.D. Fla. Jan. 13, 2015) ........................................................................... 10

*SE Prop. Holdings, LLC v. Phillips*,
  2016 WL 11529612 (N.D. Fla. May 3, 2016) .......................................................................... 8

*Ubuy Holdings, Inc. v. Gladstone*,
  340 F. Supp. 2d 1343 (S.D. Fla. 2004) ..................................................................................... 6

*Waite v. All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ............................................................................................ 2, 6

*Walden v. Fiore,*
  571 U.S. 277 (2014) ................................................................................................................. 6

*Wiand v. Wells Fargo Bank, N.A.*,
  938 F. Supp. 2d 1238 (M.D. Fla. 2013) .................................................................................. 10

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017) ........................................................................................... 2

*ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*,
  917 So. 2d 368 (Fla. 5th DCA 2005) ........................................................................................ 9

**Statutes**

Fla. Stat. § 48.193(1)(a)(1) ............................................................................................................ 5

**Other Authorities**

8 Fed. Prac. & Proc. Civ. § 2008.3 (3d ed.) ................................................................................... 8

**INTRODUCTION**

Plaintiff's opposition brief ignores the fundamental defect of his complaint—Binance's only connection to this matter is the allegation that someone with a Binance account received funds that Plaintiff claims were stolen from his account at another institution, Payward Inc., d/b/a Kraken. Under well-established legal precedent and Constitutional principles, this remote connection does not give rise to personal jurisdiction over Binance, a non-U.S. company.

Instead, Plaintiff attempts to deflect attention by reiterating his speculative and irrelevant allegations, quoting new press articles and public documents discussing Binance's supposed contacts with the U.S. as a whole, and speculating about Binance's operations. None of these claims have anything to do with the case at hand, or establish any connection between Binance and Florida. And Plaintiff's assertion that Binance is required to submit an affidavit to disprove personal jurisdiction improperly turns *Plaintiff's burden* to establish a *prima facie* case for personal jurisdiction on its head. Similarly, Plaintiff is not entitled to jurisdictional discovery where he cannot plead basic facts that would give rise to personal jurisdiction.

Finally, with respect to the substantive claim for aiding and abetting conversion, Plaintiff merely repeats the conclusory assertions in the Complaint which, as discussed in Binance's opening brief, fall far short of supporting any inference that Binance had "actual knowledge" of the alleged theft or that it provided "substantial assistance" to the unknown perpetrator. Courts have held that merely housing a destination account to which illicit funds were allegedly transferred does not render a banking institution liable for aiding and abetting conversion. The same reasoning applies here, irrespective of whether Binance is a "bank." Because Plaintiff's theory has no legal basis, the Complaint should be dismissed for failure to state a claim.

## ARGUMENT

I. **Binance is Not Subject to General Jurisdiction in Florida**

There is no dispute that Binance is a non-U.S. entity, and that Florida is neither the headquarters nor the principal place of business for the company. Plaintiff does not—and cannot—plead that Binance is "at home" in Florida. Under well-established U.S. Supreme Court and 11th Circuit precedent, there is no general jurisdiction over Binance. Br. at 4-5;[1] *see Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014); *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 791-92 (11th Cir. 2017).

Plaintiff's only response is to reiterate the bare allegations from the Complaint, all of which are insufficient to establish general jurisdiction.

*First,* Plaintiff relies upon allegations that "Binance is indeed utilized by customers in the United States, including in this jurisdiction." Opp. at 8. This is a bare assertion that is contradicted by the public record and prior findings by this Court, recognizing that "Binance restricts United States users from accessing its platforms." *Guarini v. Doe, et al.*, No. 21-cv-81890, at *8 (DMM) (S.D. Fla. Apr. 5, 2022) (ECF No. 25). Even if the Complaint had included detailed allegations about usage of the Binance platform by specific customers in Florida— which it does not—such allegations would still be insufficient, as the mere existence of customers in the jurisdiction does not give rise to general jurisdiction. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018) (rejecting general jurisdiction even where company "conducted significant business in Florida" because "even 'substantial, continuous, and systematic' business is insufficient to make

---

[1] This reply adopts the abbreviations used in Defendant Binance's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Failure to State a Claim, filed April 18, 2022, cited herein as "Br. __." Citations to "Opp. __" shall refer to Plaintiff's Memorandum of Law in Opposition to Defendant Binance's Motion to Dismiss Complaint, filed May 12, 2022.

a company 'at home' in the state") (citing *Daimler,* 571 U.S. at 138); *Guarini*, No. 21-81890, at *6 (finding court lacked general jurisdiction over Binance because factual allegations about "customers' use of [Binance's] services in the United States is woefully inadequate to support the exercise of general jurisdiction over [Binance]"); *see also* Br. at 6-8.

Plaintiff's reliance on *Alibaba Group Holding Ltd. v. Alibabacoin Foundation* (Opp. at 7-8) is misplaced. No. 18-CV-2897 (JPO), 2018 WL 5118638, at *4-*5 (S.D.N.Y. Oct. 22, 2018). The language quoted in Plaintiff's brief is about specific jurisdiction under New York's long-arm statute, not general jurisdiction. Unlike Plaintiff here, the plaintiff in *Alibaba* did not argue the untenable position that having customers in New York gives rise to general jurisdiction in the state. Even as to specific jurisdiction, *Alibaba* is factually distinguishable because plaintiff in that case identified specific sales made by defendant in the forum state that contributed to the harm at issue and were directly relevant to the dispute. *Id.* at *3. This Court has previously declined to exercise either general or specific jurisdiction over Binance based on bald allegations of unspecified customers in Florida. *See Guarini*, No. 21-81890, at *6.[2] A second non-resident cryptocurrency exchange was also found to lack jurisdiction in Florida, as allegations of unspecified customers in Florida were insufficient where the Florida-based plaintiff was not a customer of the exchange and any contacts between the exchange and Florida were not related to the plaintiff. *Heissenberg v.*

---

[2] Plaintiff's meager attempt to distinguish the *Guarini* decision from the instant case as involving a "more constricted set of jurisdictional allegations" is unavailing. Opp. at 11. *Guarini* involved the very same conduct at issue here; namely, a "theft" of cryptocurrency by an unknown actor that was alleged, without tracing data, to have been routed through a Binance account. *See id.* at *1. The Complaint—drafted by the same counsel—is virtually identical on the jurisdictional allegations. The only significant additions in this complaint are a reference to a single advertisement, the alleged use of VPNs by unidentified individuals, and the connection of unspecified "third parties" with Florida, none of which change the general jurisdiction analysis.

*Doe*, No. 21-80716 (Civ), 2021 WL 2621100, at *2-*3 (S.D. Fla. June 24, 2021). Plaintiff offers no basis for the Court to reach a different conclusion here.

*Second,* Plaintiff's invocation of a single advertising video fails to provide any jurisdictional hook. Opp. at 8-9.[3] Plaintiff ignores the caselaw cited in Binance's motion, finding that even multiple advertisements directed at a Florida-specific audience were insufficient to establish general jurisdiction. *See Estate of Fraser v. Smith*, No. 04-cv-22191, 2007 WL 5007084, at *6 (S.D. Fla. Nov. 13, 2007) (finding a "handful of advertisements in publications—even if those publications reach the people of Florida—are not enough to constitute a systemic and continuous presence in the state"); Br. at 8-9. Here, Plaintiff merely alleges that a video was published on the internet, without any specific tie to Florida. This falls far short of any "systematic and continuous" contacts with Florida.

*Third,* the speculative allegation that United States-based users might use VPNs to access Binance is irrelevant to personal jurisdiction. A third party's decision to use a VPN cannot be weighed against Binance, as jurisdiction must be established through "actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Courboin v. Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) (emphasis in original) (recognizing that "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State") (citing *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990)).

---

[3] Plaintiff also cites several new allegations about Binance's supposed connections to the United States as a whole, including the fact that Binance allegedly bought a stake in the magazine *Forbes* and partnered with the Grammy Awards. Opp. at 8. These new factual allegations, which were not included in the Complaint, must be disregarded because Plaintiff cannot use its opposition brief to add (or change) allegations to his pleading. *See McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.") In any event, they have nothing to do with personal jurisdiction in Florida.

Plaintiff ignores these cases, and tries only to distinguish *Kennedy v. Heidi Motel Inc.* as "limited to its specific facts." No. 19-60946-Civ, 2019 WL 11553695 (S.D. Fla. June 20, 2019) (Opp. at 10). But even though *Kennedy* involved a Georgia motel and not a foreign cryptocurrency exchange, the jurisdictional analysis is the same—where a plaintiff "fail[s] to show that [the d]efendant had any contacts with the forum, other than that [d]efendant maintained a website that could be accessed in Florida," there are insufficient contacts with the forum state to find jurisdiction. *Id.* at *5.

*Finally*, Plaintiff argues, without any legal support, that Binance's cooperation in "hundreds of criminal investigations" (which Plaintiff "believes" must routinely run through Florida) gives rise to general jurisdiction over the company. Opp. at 8. Plaintiff's belief that "many" investigations run through Florida is conclusory and speculative. And the assertion that assistance to law enforcement renders Binance "at home" in Florida is illogical, unsupported, and against public policy.

None of these allegations, taken together or separately, come anywhere close to establishing the "continual and systematic" targeting of this jurisdiction that would be required to establish general jurisdiction over Binance.

## II. This Court Lacks Specific Jurisdiction Over Binance

As to specific jurisdiction, nothing in Plaintiff's response explains how the cause of action "arises from" any Binance business activities in Florida. *See* Fla. Stat. § 48.193(1)(a)(1).

The Complaint's specific jurisdictional assertions focus primarily on assertions about Binance.US (*see* Compl. ¶¶ 7, 22). Apparently recognizing that the Complaint's allegations against Binance.US do not establish jurisdiction over Binance,[4] which go unrefuted, Plaintiff

---

[4] Plaintiff ignores the public records cited by Binance that show Binance.US to be an entirely different entity than Binance, and the terms and conditions of Binance's platform which restrict

5

instead shifts its theory to claim that the Binance "ecosystem" establishes jurisdiction. Opp. at 12-13. Yet the Complaint does not cite any specific allegations invoking a connection with Florida outside of the allegations related to Binance.US. Nor is there anything beyond a conclusory assertion that the so-called "ecosystem exists in Florida." Opp. at 13.

Indeed, Plaintiff's sole claim that Binance "allowed [Defendant] John Doe to convert and launder through a Binance account the cryptocurrency assets stolen from Plaintiff" (Opp. at 13) speaks not to any action taken by Binance, but to the actions of Defendant Doe. But the fact that Plaintiff was a victim of a crime committed by unknown actors in Florida has no bearing on the statutory requirement that *Binance* must commit a specific act enumerated under the Florida long-arm statute in order for this Court to exercise specific jurisdiction. No such act is pleaded. Plaintiff does not even allege that the Binance account to which the funds were transferred is held in Florida.

Although Plaintiff claims that the facts of this case are distinguishable from the Supreme Court's decision in *Walden v. Fiore*, (Opp. at 13), it does not dispute the black letter law set forth by *Walden*—that a "mere injury to a forum resident is not a sufficient connection to the forum." 571 U.S. 277, 290 (2014). This fundamental jurisdictional principle is widely recognized in this Circuit. *See Waite*, 901 F.3d at 1316 ("our analysis must focus on those contacts the 'defendant [itself] creates with the forum State,' not the plaintiffs' contacts with the forum or even the defendant's contacts with the plaintiffs") (citing *Walden*, 571 U.S. at 284); *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 880 (11th Cir. 2018) (same). Plaintiff's effort to flip this analysis by focusing on the harm that allegedly occurred in Florida

---

United States-based users. Br. at 6. Such evidence is properly considered at the motion to dismiss stage and Plaintiff offers no argument to the contrary. *See Ubuy Holdings, Inc. v. Gladstone*, 340 F. Supp. 2d 1343, 1346 (S.D. Fla. 2004) (acknowledging that at the motion to dismiss stage, "[a] district court may also take judicial notice of public records.").

fails. *See Guarini*, No. 21-cv-81890 at *7 ("the fact that Plaintiff was the victim of a crime in Florida committed by an unknown John Doe Defendant does not bear on Defendant Binance's contacts with the forum state").

Plaintiff's remaining argument that Binance was put on notice of the theft after the fact and must be a party to allow for "justice" and "proper legal remedies" does not change the jurisdictional analysis or dispense with fundamental constitutional requirements. Opp. at 13-14. Because there are no allegations of general business activity by Binance in Florida that gave rise to the events at issue, there is no basis for this Court to exercise personal jurisdiction over a non-U.S. company.

### III. Plaintiff is Not Entitled to an Affidavit or Discovery

As a further demonstration that his own allegations are deficient, Plaintiff argues that the decision to not supplement Binance's motion with an affidavit somehow diminishes its argument that Plaintiff has failed to carry his burden. Opp. at 5-6. The Court should summarily reject this classic "heads I win, tails you lose" contention. As the Court similarly found in *Guarini*, it was entirely appropriate not to submit an affidavit when Plaintiff has not come close to making out a *prima facie* showing of personal jurisdiction. *Guarini*, No. 21-cv-81890, at *4-*5 ("[B]ecause Defendant is attacking Plaintiff's prima facia case, no affidavits are necessary"); *see also Milligan Elec. Co. v. Hudson Const. Co.*, 886 F. Supp. 845, 849 (N.D. Fla. 1995) (recognizing that filing a motion to dismiss without a supporting affidavit has "[t]he effect of . . . challeng[ing] the sufficiency of the jurisdictional allegations of the complaint"). Had Binance submitted an affidavit, Plaintiff would no doubt have used it to support his request for additional discovery. Such an approach erodes the pleading framework for personal jurisdiction.

Plaintiff's fallback request for jurisdictional discovery should also be rejected. "A district court may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction, or if the proposed discovery seems

7

unlikely to shed light on the jurisdictional question." Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2008.3 (3d ed.); *see also SE Prop. Holdings, LLC v. Phillips*, No. 3:15CV554/MCR/EMT, 2016 WL 11529612, at *2 (N.D. Fla. May 3, 2016). Where, as here, a complaint does not allege sufficient facts supporting the court's exercise of personal jurisdiction, jurisdictional discovery cannot be used as "a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction." *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, No. 20-21630-CIV, 2021 WL 3054908, at *3 (S.D. Fla. July 20, 2021) (quoting *Auf v. Howard Univ.*, No. 19-22065-CIV, 2020 WL 1452350, at *10 (S.D. Fla. Mar. 25, 2020)).[5]

Indeed, another federal court has previously rejected a plaintiff's request to obtain jurisdictional discovery from Binance based on bare allegations. *See Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1010 (N.D. Cal. 2020) (denying request for jurisdictional discovery against Binance where the plaintiff's "bare allegations [were] insufficient to justify jurisdictional discovery" and where the plaintiff "offer[ed] no more than a hunch that discovery would yield jurisdictionally relevant facts").

### IV. Alternatively, the Complaint Should be Dismissed Under Rule 12(b)(6) Against Binance For Failure to Plead a Cognizable Claim

Plaintiff does not engage with the arguments and caselaw cited in Binance's brief, which demonstrate that Plaintiff's allegations against Binance for aiding and abetting conversion are woefully deficient. Instead, Plaintiff merely (i) asserts that the conclusory allegations in the Complaint regarding Binance's knowledge of, and substantial assistance to, Defendant John Doe's

---

[5] This is particularly true where the party seeking discovery, like Plaintiff here, buries its request for discovery in its brief and "fails to explain how the information sought would establish personal jurisdiction over the defendants." *Grimes v. Young Life, Inc.*, No. 8:16-CV-27-T-23EAJ, 2016 WL 11531540, at *3 (M.D. Fla. May 2, 2016); *see In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1157 (S.D. Fla. 2019) (denying request for jurisdictional discovery).

conversion are sufficient to state a claim and (ii) notes that certain cases cited by Binance relate to banks, and Binance is not a bank. *See* Opp. at 14-15. Plaintiff's continued reliance on conclusory allegations underscores the inadequacy of his pleading. And whether or not Binance is a bank is irrelevant to the point that a financial institution which merely receives allegedly stolen funds cannot be said to have aided and abetted the alleged conversion.

As discussed in Binance's opening brief, the Complaint is devoid of any allegations supporting the notion that Binance had knowledge of Defendant John Doe's alleged conversion or that it substantially assisted the conversion in any way, as required to state a claim for aiding and abetting conversion. *See Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012) (citing *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*, 917 So. 2d 368, 372 (Fla. 5th DCA 2005)); Br. at 14. Plaintiff alleges nothing beyond repeated, conclusory statements that Binance had "actual knowledge" of the conversion, and he points to no actions that Binance took with respect to the conversion, let alone actions that would qualify as substantial assistance. In fact, Plaintiff concedes in his opposition brief that the allegations against Binance are for *inaction* with respect to the alleged conversion. *See* Opp. at 14 ("The Complaint clearly asserts that Binance not only had knowledge of the theft, Binance sat on that knowledge and—*by that inaction*—'either intentionally or negligently failed to interrupt the money laundering process when it could have done so.'") (emphasis added).

Lack of action is, by definition, not "substantial assistance," and Plaintiff points to no case stating otherwise. The only case Plaintiff cites is *Cabot East Broward 2 LLC v. Cabot*, for the proposition that "actual knowledge of another's wrongful conduct is nearly universally found based upon circumstantial evidence." No. 16-61218-CIV, 2016 WL 8739579, at *4 (S.D. Fla. Oct. 25, 2016). However, even if that general principle were true, Plaintiff is not excused from his

9

pleading obligations. The Complaint is devoid of any factual allegations—circumstantial or direct—that support an inference of intent or willful conduct.

Plaintiff also does not dispute that courts routinely reject claims against banks for aiding and abetting conversion because housing a customer account accused of receiving illicit funds does not constitute aiding and abetting conversion. *E.g.*, *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1244 (M.D. Fla. 2013); *Richter v. Wells Fargo Bank NA,* No. 11-cv-695, 2015 WL 163086, at *4 (M.D. Fla. Jan. 13, 2015); *Groom v. Bank of Am.*, No. 08-cv-2S67, 2012 WL 50250, at *4 (M.D. Fla. Jan. 9, 2012). Plaintiff's only response is that Binance is not a bank. Again, this does not speak to the underlying legal principle. Because Binance is not alleged to have any connection with the underlying fraud or conversion, and is included in this action merely because there is a customer account at Binance that allegedly received some of the funds at issue, the elements for aiding and abetting conversion have not been pleaded and the claim should be dismissed.

## CONCLUSION

For the foregoing reasons, and those discussed in its opening brief, Binance respectfully submits that this Court should dismiss Binance from this action, and dismiss Count II, with prejudice.

Dated: June 1, 2022

Respectfully submitted,

By: */s/ Daniel L. Rashbaum*
**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
Daniel L. Rashbaum
Michael A. Pineiro
2 South Biscayne Boulevard
Suite 2530
Miami, Florida 33131
Tel: 305-400-4261
drashbaum@mnrlawfirm.com
mpineiro@mnrlawfirm.com

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.**
Karen R. King (Admitted *Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
kking@maglaw.com

*Counsel for Defendant Binance Holdings, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on June 1, 2022 via transmission of Notices of Electronic Filing generated by CM/ECF to all counsel of record.

*/s/ Daniel L. Rashbaum*
Daniel L. Rashbaum