UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-80399-CIV-SMITH

ULISES FERNANDO MIRO,

    Plaintiff,

v.

JOHN DOE and
BINANCE HOLDINGS LTD, d/b/a
Binance, a foreign company,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This cause comes before the Court on Defendant Binance Holdings Ltd.'s ("Binance" or "Defendant") Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Failure to State a Claim ("Motion") [DE 8], Plaintiff's Response [DE 14], and Defendant's Reply [DE 31]. For the reasons set forth below, Defendant's Motion is granted.

**I.    BACKGROUND**

Plaintiff, Ulises Miro is a Florida resident. Plaintiff filed suit alleging that Defendant John Doe, an unidentified person, stole cryptocurrency from Plaintiff's Payward, Inc. account, in the amount of 105.3267172 Ether, worth $488,000. (Compl. DE 1 at ¶ 38.) Plaintiff alleges that John Doe transferred a portion of the ETH to, or through, a Binance account. (*Id.* at ¶ 18.) Defendant is a foreign company registered and headquartered in the Cayman Islands. (*Id.* at ¶ 6.)

In Count I, Plaintiff brings a claim for conversion against John Doe, and in Count II, a claim against Defendant for aiding and abetting conversion. (*Id.* at ¶¶ 58–70.) Defendant moves to dismiss the Complaint on grounds that the Court lacks personal jurisdiction over Defendant.

Additionally, Plaintiff contends that Count II fails to state a claim for aiding and abetting. If the Court does not have personal jurisdiction over Defendant, the Complaint must be dismissed. Accordingly, the Court will first determine whether the Court has personal jurisdiction over Defendant before addressing the parties' arguments on the sufficiency of Plaintiff's claim for aiding and abetting conversion.

**II.   DISCUSSION**

Defendant seeks to dismiss this action for lack of personal jurisdiction and for failure to state a claim. Defendant argues that the court lacks both general and specific jurisdiction. In response, Plaintiff states that the Court has jurisdiction over Defendant pursuant to Florida's long-arm statute and that his jurisdictional allegations in the Complaint are adequately pled. Plaintiff also contends that Defendant's Motion fails because Defendant failed to contest jurisdictional allegations in the Complaint with detailed affidavits supporting its position. Plaintiff is incorrect.

> The Eleventh Circuit has explained a plaintiff's burden to establish jurisdiction:
>
> A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990) (internal quotation marks omitted).

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d at 1339, 1359 (11th Cir. 2013). Only when a plaintiff satisfies his burden does the burden shift to the defendant to submit detailed affidavits to controvert the allegations in the complaint. *Don't Look Media, LLC v. Fly Victor Ltd.* 999 F.3d 1284, 1292 (11th Cir. 2021). In the instant case, Defendant contests Plaintiff's claim that Plaintiff has met his burden. For that reason, Defendant is not required to file affidavits in support of the Motion.

### A.     Standard for Personal Jurisdiction

Determining whether personal jurisdiction exists is a two-step process: (1) a court determines whether jurisdiction is authorized under the forum state's long-arm statute and (2) a court determines whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara v. Hall, 916 F.2d 1510, 1514* (11th Cir. 1990) (citations omitted).

Florida's long-arm statute provides two ways in which a defendant can be subject to personal jurisdiction. *Carmouche v. Tamborlee Mgt., Inc.*, 789 F.3d 1201, 1203–04. "[F]irst, section 48.193(1)(a) lists acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida." *Carmouche*, 789 F.3d at 1204 (citing Fla. Stat. § 48.193(1)(a)). A defendant is subject to specific jurisdiction if it commits a tortious act within the state of Florida. Fla. Stat. § 48.193(1)(a)(2).

"[S]econd, section 48.193(2) provides that Florida courts may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Carmouche*, 789 F.3d at 1204 (quoting § 48.193(2)). Under this statute, a defendant is subject to general jurisdiction in Florida, if it is "engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Florida courts interpret the "substantial and not isolated activity" language to mean "continuous and systematic general business contact." *Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999) (citations omitted).

"If there is a basis for the assertion of personal jurisdiction under the state statute, [the] next [step is to] determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Madara*, 916 F.2d at 1514 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (additional citations omitted). The minimum contacts sufficient to comport with Due Process differ when assessing the exercise of general jurisdiction and specific jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

**B.     General Jurisdiction**

Plaintiff maintains that the Court has general jurisdiction over Defendant. Plaintiff alleges the following to establish Defendant's ties to Florida: 1) that Plaintiff suffered harm in Florida when his cryptocurrency was stolen and laundered through computer servers in Florida (Compl. ¶ 16); 2) Plaintiff's stolen cryptocurrency was transferred from Plaintiff's possession in Florida (*Id.* ¶ 17); 3) Defendant works with law enforcement agencies in the United States and upon belief, in Florida as well; (*Id.* ¶ 20) 4) Jimmy Butler, a Miami-based celebrity with fans from South Florida and elsewhere appeared in a promotional video for Defendant (*Id.* ¶ 21); and 5) Defendant's accounts are easily opened anonymously including by users in the United States (*Id.* ¶ 23). Plaintiff also alleges that this Court should exercise general jurisdiction over Defendant because of Defendant's relationship to "Binance.US" a purported United States entity. Plaintiff contends that these allegations are sufficient to confer general jurisdiction over Defendant in federal courts in Florida. This is not so.

Under Florida law, if Due Process is satisfied, the requirements of the long arm statute have also been met for a court to exercise general jurisdiction. *See Fraser*, 594 F.3d at 846. To exercise general personal jurisdiction over a foreign corporation consistent with Due Process, the corporation's "affiliations with the State [must be] so 'continuous and systematic' as to render [it]

4

essentially at home in the forum State." *Carmouche*, 789 F.3d at 1204 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Supreme Court has held that "only a limited set of affiliations with a forum render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Generally, the "paradigm all-purpose forums" where a corporate defendant is essentially at home are its place of incorporation and its principal place of business. *Id.* Only in the "exceptional case" will a corporation's activities in a forum other than its place of incorporation or principal place of business be "so substantial and of such a nature as to render the corporation at home in that state." *Id.* at 139 n.19. This Circuit recognizes that establishing the exceptional case is a "heavy burden." *Waite v. All Acquisition Corp.,* 901 F.3d 1307, 1317 (11th Cir. 2018).

Plaintiff's allegations that Defendant either had some contacts with the United States generally and by extension Florida, that a Miami-based celebrity promoted Defendant, and that Plaintiff's money was stolen from an account in Florida are not enough to demonstrate that Defendant engages in substantial and not isolated business activity in Florida, such that, Defendants can be deemed to be at home in Florida. Plaintiff has failed to provide anything more than conclusory allegations of attenuated contacts to Florida, if any. Plaintiff has pled no facts and presented no evidence to establish that Defendant has continuous and systematic general business contact with Florida. Thus, Plaintiff has failed to establish that jurisdiction is authorized under Florida's general jurisdiction long-arm statute.

Moreover, it is uncontested that Defendant is a foreign company, headquartered and incorporated in the Cayman Islands. Plaintiff's bare allegation that an unknown wrongdoer stole cryptocurrency from Plaintiff's account in Florida does not render Defendant at home such that it

would not offend traditional notions of fair play and justice.  Defendant cites to public records[1] which establish it is not a cryptocurrency exchange for United States users as evidenced by the terms and conditions of its platform, which restricts United-States based users.  The records also establish that Binance.US is an entirely different entity from Defendant and should not be conflated with Defendant in this action. Under no interpretation of these facts can Florida be considered a "paradigm all-purpose forum" for Defendant.  This case does not present sufficiently "exceptional" circumstances such that Defendant's alleged contacts with Florida "render [it] at home in" Florida. *See Daimler*, 571 U.S. at 139 n.19. For these reasons, the Court cannot exercise general jurisdiction over Defendant consistent with the Due Process Clause.

### C.  Specific Jurisdiction

Likewise, Plaintiff's allegations fail to show why Defendant should be subject to specific personal jurisdiction in Florida.  Under the two-step process set out above, the Court is required to first evaluate whether Florida's long-arm statute provides for specific jurisdiction. Under Florida's long-arm statute, specific jurisdiction can only be exercised over a defendant in causes of action that "aris[e] from" a list of enumerated acts. § 48.193(1)(a).  Florida's long-arm statute is strictly construed. *Sculptchair, Inc., v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (applying Florida law). If the long-arm statute applies, the of a specific jurisdiction analysis). *Carmouche*, 789 F.3d at 1203. Court must determine whether the exercise of specific jurisdiction would comport with Due Process.

---

[1] Courts takes judicial notice of matters of public record on a motion to dismiss. *See Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1535 n.1, *aff'd* 84 F.3d 438 (11th Cir. 1996) (quoting 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990)) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.").

Plaintiff seeks to invoke the Court's exercise of personal jurisdiction over Defendant under § 49.193(1)(a)(1), which provides that a person is subject to jurisdiction in Florida for any causes of action arising from "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 49.193(1)(a)(1). In response to the Motion, Plaintiff argues that "Plaintiff in the instant matter is a Florida resident who was victimized by a crime in Florida—a crime effectuated by both JOHN DOE and BINANCE through the transfer of stolen funds Plaintiff had been holding in Florida, but which were transferred from Florida to BINANCE—which is why he is pursuing relief in this Court." (DE 14 at 13.) Plaintiff further states that "the 'business activity' that draws [Defendant] into this lawsuit is precisely and inextricably entwined with the harm that has been inflicted upon Plaintiff." (*Id.*) However, injury alone to a forum resident does not create an adequate connection to the forum to invoke specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Additionally, in the Eleventh Circuit, the "analysis must focus on those contacts the defendant . . . creates with the forum State, not the plaintiff's contacts with the forum or even the defendant's contact with the plaintiff." *Waite*, 901 F.3d at 1316. Thus, Plaintiff suffering harm in Florida alone will not create specific jurisdiction that does not offend Due Process.

Further, "to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Some of the factors a court should consider are: (1) "the presence and operation of an office in Florida"; (2) "the possession and maintenance of a license to do business in Florida"; (3) "the number of Florida clients served"; and (4) "the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, L.P. v.*

*Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). Plaintiff's Complaint is deficient of allegations to demonstrate that Defendant satisfies any of these factors. Given that the public records cited by Defendant show that Defendant restricts United States users from accessing its platforms and that Binance.US is not affiliated with Defendant, amendment would not cure the jurisdictional defects in Plaintiff's Amended Complaint. No basis exists to assert specific jurisdiction over Defendant under Florida's long-arm statute.

### D.     Conclusion

Because the Court lacks personal jurisdiction over Defendant, the Motion to Dismiss is granted for lack of personal jurisdiction and the remainder of the Motion is denied as moot. With the claims against Defendant, Binance Holdings, Ltd. due to be dismissed, the only Defendant remaining in this action is a "John Doe" who remains unnamed and who has still not been served. Thus, there remains no viable Defendant in this action. *See Richardson v. Johnson*, 598 F.3d 734, 738 (upholding a district court's dismissal of an unnamed John Doe defendant because "[a]s a general matter, fictitious-party pleading is not permitted in federal court.").

Accordingly, it is

**ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss [DE 8] is **GRANTED**.

(2) Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**.

(3) Any pending motions not otherwise ruled on are **DENIED AS MOOT**.

(4) This case is **CLOSED.**

**SIGNED** in Chambers at Fort Lauderdale, Florida, this 31st day of March 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:        Counsel of Record